CSANYI, APPELLANT, *v.* CUYAHOGA
COUNTY COMMISSIONERS, APPELLEE.

(No. 50150 — Decided
March 13, 1986.)

*Mark D. Graw,* for appellant.
*John T. Corrigan,* prosecuting attorney, and *Ralph P. Sobieski,* for appellee.

JACKSON, P.J. Appellant appeals from a judgment of the common pleas court which affirmed the determination of the State Personnel Board of Review that she was properly removed from her classified civil service position.

On January 19, 1984, appellant Laverne E. Csanyi was removed by the Cuyahoga County Commissioners from her position as senior bookkeeper with the Western Reserve Area Agency on Aging. This January 19 order of removal was effective January 27.

Appellant was accorded no pre-termination hearing.

The basis for the removal was given as neglect of duty and violation of the Attendance Control Plan for county employees.

The order stated appellant had accumulated forty-two hours and ten minutes of absence without leave ("AWOL") time between January 5 and January 12, 1984, in violation of the attendance plan. The order further recited that appellant had previously received a three-day suspension for accumulating seventy-seven hours of AWOL and tardy time in 1983.

Appellant appealed the removal pursuant to R.C. 124.34. Following a post-termination hearing on June 5, 1984, an administrative law judge of the State Personnel Board of Review found appellee had proven that appellant had accumulated thirty-eight hours and ten minutes of AWOL time. The hearing judge disaffirmed appellant's removal.

The full board affirmed appellant's removal. However, it also found appellant's AWOL time to be thirty-eight hours and ten minutes.

Appellant appealed the board's determination to the common pleas court, seeking reinstatement and back pay. The common pleas court affirmed. Appellant appeals.

Appellant has worked for the agency since October 1980. She had thirty-five years' experience as a bookkeeper. In 1981, she was criminally assaulted at her residence. She testified that she still suffered from the effects in 1983, and estimated that half her absences were the result of side effects of the beating.

In January 1984, appellant developed a respiratory infection. The sign-in sheet indicated that appellant was off sick Thursday and Friday, January 5 and 6, and Monday and Tuesday, January 9 and 10.

It is uncontroverted that appellant called in to her supervisor, as required by policy, on January 5, 6, 9 and 10. On

each occasion, her supervisor recorded his initials on her time sheet indicating that she was off sick. On January 11 and 12, the supervisor was absent. Appellant testified she talked to Ed Smith, whom she described as the next person in the "chain of command." There is nothing on the sign-in sheets to indicate that she called.

Appellant testified she asked her supervisor for an administrative leave on January 10. This is leave without pay, and was a recommended procedure when an employee anticipated an absence of nine days or more. There is no record of such a leave request being filed.

However, the biweekly time sheet disclosed an "s" next to appellant's name for January 11 and 12. Since the time sheets were compiled from the sign-in sheets and request-for-leave forms, and the sign-in sheet was blank, a reasonable conclusion would be that a request for leave had been filed. Evidently on this basis, the board of review concluded that the state had failed to prove appellant was absent without leave for those two days.

Appellant assigns five errors. Since this court is persuaded that the fourth assigned error is dispositive, we will dispose of it first.

In her fourth assigned error, appellant argues that she was denied her right to due process under the Fourteenth Amendment because the county did not afford her a pre-termination hearing.

The case of *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532, is controlling and requires reversal.

In *Loudermill,* the Supreme Court held that R.C. 124.34 plainly creates a property interest in continued employment for classified civil servants. The court stated that a deprivation of such a constitutionally protected right may be accomplished only pursuant to constitu-

tionally adequate procedures. The root requirement is that an individual be given an opportunity for a hearing *before* being deprived of any significant property interest. *Id.* at 542.

The Supreme Court stated:

"The tenured public employee is entitled to *oral or written notice of the charges against him, an explanation of* the employer's evidence, and *an opportunity to present his side of the story." Id.* at 546. (Emphasis added.)

The court concluded that:

"* * * [A]ll the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures as provided by the Ohio statute." *Id.* at 547-548.

Appellant did not receive the pretermination hearing required by *Loudermill.* The order of removal was signed January 19, 1984. The effective date was January 27, 1984. The *removal order* contained written notice of the charges against appellant, and an explanation of the basis for her dismissal.

Clearly, appellant did not have "an opportunity to present * * * [her] side of the story" as required by *Loudermill.*

One of the purposes of the pretermination hearing in the case of an entitlement is to "facilitate[] the consideration of whether a permissible course of action is also an appropriate one." *Id.* at 543, fn. 8.

" '[E]ffective notice and informal hearing permitting the [employee] to give his version of the events will provide a meaningful hedge against erroneous action. At least the [employer] will be alerted to the existence of disputes about facts and arguments about cause and effect.... [H]is discretion will be more informed and we think the risk of error substantially reduced.' *Goss* v. *Lopez,* 419 U.S. 565, 583-584 * * * (1975)." *Id.*

Dismissals for cause often involve factual issues:

"Even where the facts are clear, the appropriateness or necessity of the discharge may not be; in such cases, the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect." *Loudermill, supra,* at 543.

In *Loudermill,* both respondents had plausible arguments which might have prevented their discharge. *Loudermill, supra,* at 544. One respondent had in fact been reinstated. As for the other, the Supreme Court noted it could not say his discharge was mistaken, nor could it say that a fully informed decision-maker might not have exercised its discretion and not dismissed him, despite its authority to do so.

Appellant likewise had plausible arguments to make that might have prevented her discharge. These arguments, as raised below, include a dispute over the amount of time she was absent which was not covered by sick leave; whether Ed Smith had approved two additional days' absence on January 11 and 12, and whether a prior agency memo indicated an administrative leave form could be filled out and filed by a supervisor upon the request of an employee who was unable to do so.

Moreover, the board of review and the trial court found that appellant had been absent without leave for thirty-eight hours, ten minutes rather than forty-four hours, ten minutes. This suggests that her discharge could possibly have been avoided had she had an opportunity to present her side of the story, because the county's attendance control plan provides that an employee may be terminated for more than forty hours unauthorized leave.

Thus, this court cannot predict what the results would have been had the agency held a hearing prior to appellant's termination. An informed decision-maker may have determined, in its discretion, that dismissal was unwarranted. Alternatively, we cannot say that a hearing would show the termination to be mistaken.

However, after *Loudermill,* it is clear that the post-termination hearing provided by R.C. 124.34 is insufficient to meet due process requirements.

While this court must affirm the order of an agency if it is supported by reliable, probative and substantial evidence, the order must also be found to be in accordance with the law. R.C. 119.12.

The failure to provide appellant a pre-termination hearing does not meet due process requirements, and is not in accord with the law as propounded by the United States Supreme Court. Failure to provide a classified county worker with notice and an opportunity to respond to an order of removal is reversible error. *Hollinger* v. *State Personnel Bd. of Review* (Nov. 21, 1985), Cuyahoga App. No. 49768, unreported.[1]

Appellant's fourth assigned error is

---

[1] *Hollinger* v. *State Personnel Bd. of Review, supra,* is in apparent conflict with another recent decision of this court, *Valan* v. *Cuyahoga Cty. Sheriff* (1985), 26 Ohio App. 3d 166. In *Valan,* the court determined there was sufficient evidence to support the employee's discharge despite the lack of pre-termination hearing, and remanded the cause only for a determination of damages on the due process claim.

Moreover, we note that in limiting possible damages to a nominal amount of one dollar, the court relied on *Carey* v. *Piphus* (1978), 435 U.S. 247. *Carey* dealt with the deprivation of due process in the suspension of students from school when there was no proof of actual injury. Its holding on damages is inapposite to due process violations in termination of employment cases, in which there is not only a protected property interest but also actual injury.

While a fired worker may find employment elsewhere, doing so will take some time and he is likely to be burdened by the ques-

well-taken and is sustained. The cause is hereby reversed and remanded for a hearing at which appellant shall be provided an opportunity to respond to the charges against her.

The appellant's other assigned errors[2] are based on the trial court's review of an ineffective removal order. Since this court has determined the removal order herein to be ineffective because of lack of a hearing, these assigned errors are moot.

The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PRYATEL and ANN McMANAMON, JJ., concur.

---

tionable circumstances under which he left his previous job. See *Lefkowitz* v. *Turley* (1973), 414 U.S. 70.

[2] Appellant further assigned the following errors:

"I. The trial court committed reversible error in finding that appellant should have been dismissed for having been away without leave (AWOL) 38 hours and 10 minutes.

"II. The trial court committed reversible error in finding that appellant was AWOL in January, 1984.

"III. The trial court committed reversible error in finding appellant's absence in January, 1984, constituted neglect."

"V. The trial court committed reversible error in not using the preponderance of the evidence standard in reaching its decision to affirm or reverse the dismissal of appellant."