SELTZER, APPELLANT, *v.*
CUYAHOGA COUNTY DEPARTMENT OF
HUMAN SERVICES, APPELLEE.

(No. 51869—Decided
April 6, 1987.)

*Anne L. Kilbane* and *Joel Levin,*
for appellant.
*John T. Corrigan,* prosecuting at-
torney, for appellee.

PATTON, J. Appellant, Jules Selt-
zer (hereinafter "appellant"), appeals
from an order of the Cuyahoga County
Court of Common Pleas affirming the
State Personnel Board of Review's
order of removal of appellant. The
facts giving rise to this appeal, as con-
tained in the record, are as follows.

Appellant was employed as a Clerk
I for the appellee, Cuyahoga County
Department of Human Services (here-
inafter "department"). Appellant was
a classified civil servant, pursuant to
R.C. 124.11. Appellant has a number
of chronic health problems of which the
department was aware. He is deaf, he
has lost the lower half of his left leg,
and he has significant vascular prob-
lems with his right foot. He has had
many absences during the course of his
employment as a result of his physical
ailments. In the past, appellant would
inform his supervisors that he needed
a medical leave of absence and the
necessary paperwork would be com-
pleted for him.

In early October 1984, appellant's
physicians advised him that he would
have to temporarily discontinue work-
ing so that he could receive medical at-
tention for his foot. During the week of
October 1 through October 5, 1984, ap-
pellant spoke with his supervisor, Rob-
ert Bonner, about taking some time
off. Bonner told appellant that Bonner
would need to know whether appellant
was going to take time off and, if so,
whether appellant intended to return
to work. Appellant indicated that he
would contact Bonner to keep him ap-
prised of appellant's condition.

Appellant did not report to work
from October 8, 1984 through Novem-
ber 13, 1984. Appellant had not re-
quested a formal leave of absence and
did not personally communicate with
his supervisor to inform the latter of
appellant's status.

On October 18, 1984, the depart-
ment sent a letter to appellant's mail-
ing address at the Adrian Motel in

Strongsville, Ohio. The letter informed appellant that he had been absent without leave since Friday, October 5, and ordered appellant to report back to work immediately or submit a letter of resignation. The letter stated that failure to do so would result in removal. The record discloses that the October 18 notice was sent by certified mail and was returned "unclaimed" on October 29, 1984. No attempt was made to send the notice by ordinary mail.

Subsequently, on November 13, 1984, appellant was notified that he would be removed from his position at the Department of Human Services effective November 16, 1984. The record discloses that from October 8, 1984 until November 13, 1984,[1] appellant had accumulated two hundred sixteen hours of unexcused absences.

On or about November 23, 1984, appellant received the department's November notice of his termination. On that day, appellant went to work to speak with Leonard Olsavsky, a personnel officer employed by the department. Appellant explained that he had been hospitalized and unable to personally communicate with his supervisors during the period in question. Appellant believed that his physicians had sent a written notice to the department to apprise his supervisors of his condition so that the necessary paperwork could be completed. The record discloses that on October 18, 1984, Dr. Joan Trey of Cleveland Metropolitan General Hospital wrote a letter to the Cuyahoga County Welfare Department stating that appellant Seltzer was not able to work at that time as a result of his medical condition. Dr. Trey's letter was sent on October 22,

1984, but apparently was not received by appellant's superiors.

A post-termination hearing was conducted on March 11, 1985 before an administrative law judge in Columbus, Ohio. Appellant did not appear at the hearing, and counsel of record's untimely request for a continuance was denied. The administrative law judge recommended that the removal order be affirmed.

On or about April 16, 1985, the State Personnel Board of Review affirmed the order of removal. Appellant appealed the board's order to the common pleas court. On March 11, 1986, the court affirmed the board's order. This appeal followed.

Appellant raises one assignment of error for review:

"The trial court erred as a matter of law in not finding that Mr. Seltzer's Fourteenth Amendment due process rights had been violated when he was neither offered an opportunity to be heard prior to termination nor given legally sufficient notice."

The issue presented in this appeal is whether appellant received due process of law when he was removed from his employment. Accordingly, our inquiry is limited to whether the correct procedures were followed. From our review of the record, we conclude that appellant was deprived of his right to due process of law. The assignment is well-taken.

As a classified civil servant pursuant to R.C. 124.11 and 124.34, appellant had a property right in continued employment, which right was protected by the Due Process Clause of the Fourteenth Amendment. *Cleveland Bd. of Edn.* v. *Loudermill* (1985),

---

[1] The order of removal states that the time period in question was from October 8, 1984 until *October* 13, 1984. This typographical error was noted in the post-termination proceeding, and the order of removal was accordingly amended to read "November 13, 1984" to conform with the evidence.

470 U.S. 532, 538-539. Under the Due Process Clause, appellant was entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to be heard *before* he was discharged, coupled with post-termination administrative procedures as provided by R.C. 124.34. *Id.* at 546, 547-548. The pretermination hearing, though necessary, need not be elaborate, but "* * * [t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. An individual must be given an opportunity for a hearing *before* he is deprived of any significant property interest" (emphasis *sic*). *Fairley* v. *State Personnel Bd. of Review* (1986), 29 Ohio App. 3d 113, 115, 29 OBR 129, 131, 504 N.E. 2d 75, 77. See, also, *Csanyi* v. *Cuyahoga Cty. Commrs.* (1986), 29 Ohio App. 3d 37, 29 OBR 38, 502 N.E. 2d 700 (discharge of employee without providing pretermination hearing violates due process); *Valan* v. *Cuyahoga Cty. Sheriff* (1985), 26 Ohio App. 3d 166, 26 OBR 385, 499 N.E. 2d 377 (discharge of employee without providing pretermination hearing violates due process; action for nominal damages may be maintained although removal order was supported by the evidence).

In the instant case, appellant initially contends that he was deprived of due process of law because the department's October 18, 1984 letter was sent by certified mail but not by ordinary mail, and because he did not receive the letter as a result. Appellant essentially contends that the department's manner of providing notice was constitutionally deficient. We disagree.

In *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314-315, the court observed:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *

"* * * The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, * * * or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes." (Citations omitted.)

In *Mullane,* the court held that notice by publication of the judicial settlement of trust accounts did not satisfy due process standards because it was not reasonably calculated to reach interested beneficiaries where the names and addresses of the interested beneficiaries were known and they could easily have been informed by other means, such as the mails. See *id.* at 318-319. Notice by mail is widely recognized as an efficient and inexpensive means of communication to inform a party of a proceeding which may adversely affect his liberty or property interests. See, *e.g., Mennonite Bd. of Missions* v. *Adams* (1983), 462 U.S. 791, 799-800 (proceeding to sell mortgaged property for nonpayment of taxes); *Greene* v. *Lindsey* (1982), 456 U.S. 444, 454-456 (proceeding for forcible entry or detainer). Ohio law similarly recognizes the validity of certified mail service. Compare *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, 18 O.O. 3d 254, 413 N.E. 2d 1182 (certified mail service at defendant's address comports with due process) with *Akron-Canton Regional Airport Auth.*

v. *Swinehart* (1980), 62 Ohio St. 2d 403, 16 O.O. 3d 436, 406 N.E. 2d 811 (certified mail service at business address not used by defendant did not comport with due process). But, see, *Covey* v. *Somers* (1956), 351 U.S. 141 (notice by mail and publication to person known to be an incompetent and without protection of guardian does not satisfy due process).

In the case *sub judice,* the department's October 18, 1984 letter was sent by certified mail to appellant's mailing address, with a return receipt requested. The record discloses that the department's notice was finally returned unclaimed eleven days later, on October 29, 1984. Under these circumstances, we believe that the department made a legally sufficient attempt to provide appellant with notice. We do not agree with appellant that the Due Process Clause commands that, following the unsuccessful certified mail delivery, the department was obligated to accomplish actual notice by ordinary mail. So long as the means employed are reasonably calculated to apprise appellant of the potential loss of his property interest, appellant has been afforded all the process that is due. We conclude that the means employed in this case satisfied due process standards.

However, we also conclude that the department's October 18 letter did not provide appellant with legally sufficient notice of an impending loss of his property interest and did not adequately provide appellant with an opportunity to be heard before he was removed from his employment. Cf. *Memphis Light, Gas & Water Div.* v. *Craft* (1978), 436 U.S. 1 (utility company's "final notice" stating that payment was overdue and that service would be discontinued was inadequate since it did not apprise the delinquent customers of a procedure for discussing their billing dispute with duly authorized utility personnel). The October 18 letter stated that appellant was guilty of neglect of duty for failing to report to work since October 5, 1984 and for being absent without leave since that date. Appellant was ordered to report back to work immediately, or submit a letter of resignation, or face the prospect of removal.

Although the department's letter strongly suggests that adverse administrative action might be taken at some time in the future, we do not believe that the letter sufficiently apprised appellant to exercise at that time his right to be heard before he was removed. The October 18 letter did not state that appellant would be removed on a certain date for his alleged unexcused absences. The letter did not state that failure to adequately respond to the charges by a certain date would result in appellant's removal. Providing a tenured employee with such specific information so as to afford the employee an opportunity to respond prior to termination "would impose neither a significant administrative burden nor intolerable delays." *Cleveland Bd. of Edn.* v. *Loudermill, supra,* at 544. We believe that the department's failure to specify when adverse administrative action would occur rendered illusory appellant's right to a hearing prior to his removal.

The need for legally sufficient notice is particularly evident under the facts of this case. While appellant was absent from work, he apparently attempted to communicate to the department his physical condition, as evidenced by Dr. Trey's letter of October 18, 1984. Dr. Trey's letter indicated that appellant was unable to stand up for long periods of time and required close medical follow-up. Trey indicated that appellant would be unable to work at that time. Dr. Trey's letter, inexplicably, did not reach appellant's supervisors.

The record suggests that the department's October 18, 1984 letter to appellant crossed in the mails with Dr. Trey's letter to the department. Unless appellant were given legally sufficient notice that adverse employment action would be taken at a specific time, he would have no reason to believe that his status had not been effectively communicated to the department. Consequently, he would have had no reason to exercise his right to a hearing before such adverse action was taken. Under these circumstances:

"* * * [A] prior hearing facilitates the consideration of whether a permissible course of action is also an appropriate one. This is one way in which providing 'effective notice and informal hearing permitting the [employee] to give his version of the events will provide a meaningful hedge against erroneous action. At least the [employer] will be alerted to the existence of disputes about facts and arguments about cause and effect * * *. [H]is discretion will be more informed and we think the risk of error substantially reduced.' *Goss* v. *Lopez* [1975], 419 U.S. [565], at 583-584." *Cleveland Bd. of Edn.* v. *Loudermill, supra,* fn. 8, at 543-544.

Accordingly, we conclude that the department's October 18, 1984 letter to appellant did not adequately apprise him of his right to have "some kind of hearing" before he was removed. Similarly, the department's November 13, 1984 letter stating that appellant would be removed effective November 16, 1984 deprived appellant of his right to a pretermination hearing. The failure to provide appellant with a pretermination hearing deprived him of due process of law in violation of the Fourteenth Amendment. Appellant's assignment of error has merit.

The judgment of the court of common pleas is reversed, and this cause is remanded to the trial court with instructions to reverse the decision of the board.

*Judgment reversed and cause remanded.*

MARKUS, C.J., and DAVID T. MATIA, J., concur.