IN RE ESTATE OF LASPINA.

(No. 79-67—Decided December 12, 1979.)

102

*Messrs. Walsh & Niehaus, Mr. James E. Walsh, Mr. David J. Niehaus* and *Mr. Frank Stieg, III,* for appellant.
*Mr. Russell B. Turrell,* for appellee Carol Goldfarb.
*Mr. Kenneth R. Spanagel,* for appellee Joseph LaSpina.
*Mr. James R. Kellam,* for appellees Artino.
*Mr. Sanford M. Shore,* for appellee Jacob, Exr.

HOLMES, J. This appeal presents the issue of whether the right of a surviving spouse to elect against the will survives her death. For the reasons that follow, we hold that the right of election is personal to the surviving spouse, and may not be exercised in favor of her estate following her death.

R. C. 2107.39 authorizes an election by the surviving spouse, and provides, in pertinent part, that:

"After the probate of a will and the filing of the inventory, appraisement, and a schedule of debts where ordered, the probate court shall issue a citation to the surviving spouse, if any be living at the time of the issuance of the citation, to elect whether to take under the will or under section 2105.06 of the Revised Code. If the spouse elects to take under section 2105.06 of the Revised Code, the spouse shall take not to exceed one-half of the net estate ***. The election shall be made within one month after service of the citation to elect. On a motion filed before the expiration of the one-month period, and for good cause shown, the court may allow further time for the making of the election. If no action is taken by the surviving spouse within the one-month period, it is conclusively presumed the surviving spouse elects to take under the will."

The right to elect, granted by R. C. 2107.39, is limited by R. C. 2107.41 and 2107.43. R. C. 2107.41 provides, in part, as follows:

"If the surviving spouse dies before probate of the will, or, having survived such probate, thereafter either fails to make the election provided by section 2107.39 of the Revised Code or dies before the expiration of the time set forth by

such section without having made such election, such spouse shall be conclusively presumed to have elected to take under the will and such spouse and the heirs, devisees, and legatees of such spouse who dies either before or after probate of the will without having elected, and those claiming through or under them shall be bound thereby * * * ."

R. C. 2107.43, as relevant herein, provides that:

"The election of a surviving spouse to take under section 2105.06 of the Revised Code and thereby refusing to take under the will shall be made in person * * * except as provided in sections 2107.44 and 2107.45 of the Revised Code." *

Appellant contends that a surviving spouse, by virtue of R. C. 2107.39, has no right to elect prior to the issuance of a citation by the Probate Court. Further, appellant argues that because Mrs. LaSpina died prior to the issuance of the citation, it was legally impossible for her to make an election.

We note that a similar argument was adopted by this court in *Raleigh* v. *Raleigh* (1950), 153 Ohio St. 160. In that case, the issue was whether a surviving spouse who died prior to probate of the will would be conclusively presumed to have elected to take under the will. This court held that where it is legally impossible for such spouse to make an election, the Probate Court may enter an election on the relict's behalf. *Raleigh, supra,* at page 176.

In response to this court's decision in *Raleigh,* the General Assembly amended R. C. 2107.41, so as to legislatively overrule the holding of that case. (125 Ohio Laws 411, 412.) The Committee Comments to that section in Merrick-Rippner, Ohio Probate Law, text 77.02, state, in part:

"The decision of the Supreme Court in the case of

---

* R. C. 2107.43, as set forth in the text, was enacted as a part of Am. Sub. S. B. No. 466, effective May 26, 1976 (136 Ohio Laws 991, 999). The stated purpose of that Bill was to make corrections and clarifications of sections enacted by Am. Sub. S. B. No. 145, effective January 1, 1976. Technically, the version enacted by Am. Sub. S. B. No. 145 (136 Ohio Laws 326, 347) controls this case; however, inasmuch as that version contained a clerical error which was corrected by the subsequent amendment, we have relied upon the amended version.

The statute effective at the testator's death in this cause read as follows:

"The election of a surviving spouse to take under section 2105.16 [*sic*] of the Revised Code and thereby refusing to take under the will shall be made in person * * * except as provided in sections 2107.44 and 2107.45 of the Revised Code."

*Raleigh* v. *Raleigh,* 153 OS 160, 90 NE (2d) 241 (1950) brought a demand from the bench and bar for an amendment to this section. The right of election of a surviving spouse should be personal to the surviving spouse and the provisions of a testator's will should prevail except as to the surviving spouse personally.***"

We are unable to accept appellant's argument in that the surviving spouse's right of election arises when the will of the deceased spouse is admitted to probate. The issuance of the citation is not the genesis of the right of election, but serves both to notify the surviving spouse of the right granted in R. C. 2107.39, and to commence the running of the limitations period. While the citation is intended to protect the surviving spouse, there is nothing in the statute to prohibit the relict from making his or her election prior to the issuance of a citation.

Because appellant's decedent survived the probate of her husband's will, but died prior to the expiration of the period of limitation set forth in R. C. 2107.39, without having elected to take against the will, she is, pursuant to R. C. 2107.41, "conclusively presumed to have elected to take under the will***."

We believe the sections of law providing for a right of election in the surviving spouse manifest the General Assembly's intention to provide for the personal welfare of the surviving spouse during his or her lifetime, and the further intention that the right should be personal. R. C. 2107.43 requires that an election to take against the will be made in person; and, more significantly, R. C. 2107.41 raises a conclusive presumption that the surviving spouse elected to take under the will when that spouse died before probate of the will, or survived probate but thereafter either died or failed to elect within the limitations period.

Our holding that the right of election is personal to the surviving spouse brings Ohio law into conformity with the weight of authority nationally. See, Annotation 83 A.L.R. 2d 1077, 1079; *Payne* v. *Newton* (1963), 116 U.S. App. D.C. 319, 323 F. 2d 621; *Rock Island Bank & Trust Co.* v. *First National Bank* (1962), 26 Ill. 2d 47, 185 N.E. 2d 890; *In re Estate of Messenger* (1972), 208 Kan. 763, 494 P. 2d 1107; *Domain* v.

*Bosley* (1966), 242 Md. 1, 217 A. 2d 555; and *In re Estate of Davis* (1971), 129 Vt. 162, 274 A. 2d 491. See, also, *Millikin v. Welliver* (1882), 37 Ohio St. 460; and *In re Estate of Knofler* (1944), 143 Ohio St. 294, 301.

Appellant advances the further argument that R. C. 2107.45 is applicable in the instant cause. That section provides, in part, that:

"When, because of a legal disability, a surviving spouse is unable to make an election as provided by section 2107.39 of the Revised Code, as soon as the facts come to the knowledge of the probate court, the probate court shall appoint some suitable person to ascertain the value of the provision made for such spouse by the testator and the value of the rights in the estate of such testator under sections 2105.01 to 2105.21, inclusive, of the Revised Code. Such appointment by the court shall be made at any time within the time allowed for election under section 2107.39 of the Revised Code.

"When the person appointed returns the report of his investigation, the court shall determine whether the provision made by the testator for the surviving spouse in the will or the provision under sections 2105.01 to 2105.21, inclusive, of the Revised Code, is better for such spouse and shall elect accordingly. * * *"

Appellant argues that "death is the ultimate legal disability." While we believe it proper to take judicial notice of the fact that death may in one sense be considered to be the ultimate, it is not a "legal disability" for purposes of R. C. 2107.45. R. C. 2131.02 defines the term "legal disability," as used in R. C. Chapter 2107, to include the following: persons under the age of 18 years, persons of unsound mind, persons in captivity, and persons under guardianship. Applying the maxim of *expressio unius est exclusio alterius,* we hold that death is not a legal disability within the meaning of R. C. 2107.45.

The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.