IN RE ESTATE OF JONES.

(No. C-800019—Decided February 18, 1981.)

*Messrs. Keating, Ritchie & Lyon* and *Mr. Warren J. Ritchie,* for appellee.

*Mr. Dominic J. Mastruserio,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County upon an agreed statement of the facts.

The instant appeal derives from the order of the Probate Division of the Court of Common Pleas denying the motion of the appellant, Rufus Jones, to set aside a waiver of his statutory right as surviving spouse to take a designated share of his deceased wife's estate in contravention of the provisions of her last will and testament. The only issue before us is whether his failure to make an election allowing him to share in the estate pursuant to R.C. 2107.39 within the prescribed time period was excused by the manner in which notice of that action was served upon him.

The record discloses that the will of the appellant's deceased wife, Grace Marie Gilene Jones, was presented to the court below on February 5, 1979, in the company of an application for probate and an application for authority to administer the estate. The estimated value of the estate assets was $53,000 and, under the

terms of the will, the appellant was not to participate in the distribution of them for the reason that "he is financially independent and in no need of aid from me."

On March 5, 1979, in the wake of an evidentiary hearing in the Probate Court, an entry was placed of record admitting the will to probate and ordering that the document be recorded. As a consequence of the deceased's failure to devise any of the assets of her estate to the appellant, the court thereafter issued, on June 5, 1979, a citation to elect pursuant to R.C. 2107.39 and caused it to be sent to the residence of the appellant by certified mail, return receipt requested. The citation informed the appellant that he had a right to share in the deceased's estate to the extent provided for under Ohio's statute of descent and distribution; that such right was to be exercised within one month of the service of the citation; and that, if no action was taken within the one-month period, it was to be conclusively presumed that the appellant desired that the estate be distributed in accordance with the provisions of the will.

An attempt was made on the same day to deliver the citation to the appellant at the designated address and, when it was discovered that no one was then at home, a notice was left in the mailbox stating that the postal service was holding a certified letter sent to the appellant and that the letter could be obtained at a particular branch office.

Shortly after the delivery was attempted, the appellant's adult son, Mike Jones, appeared at his father's home for the purpose of performing some maintenance work upon his father's car, and came upon the notice in the mailbox. Although Mike Jones did not live at his father's home and the certified letter was not addressed to him, he nonetheless removed the notice from the mailbox, went to the designated post office, and

picked up the letter, signing his father's name on the accompanying receipt.

On July 27, 1979, after the one-month period for response to the citation had expired, the appellant filed, in the Probate Court, a document captioned "Motion to Set Aside Spouse's Waiver to Take under the Statute" in which he requested that the court permit him to make the election provided for under law, beyond the one-month period, on the ground that he had not been served with notice of the election in an appropriate manner.

At the evidentiary hearing conducted on the merits of the motion, the agreed statement of the facts reveals that both the appellant and his son testified: that the son was not authorized by his father to pick up the notice of the attempted delivery of certified mail; that the son had never been authorized in the past to pick up his father's mail; that the son was not authorized to sign for the certified mail; and that the son never told his father about the citation.

Upon consideration of the testimony and the arguments of counsel, the appellant's motion was overruled.

In support of the assigned error that the judge presiding below incorrectly overruled the motion, the appellant argues, in essence, that the actions of his son compelled a conclusion that notice of his right to elect against the will had not been served upon him in a proper manner and, therefore, precluded an application of the 30-day time requirement expressed in R.C. 2107.39 as a bar to his right of election.

The test to be applied in the instant cause derives from the discussion of the constitutional standards governing service of process in civil actions contained within *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306. Where, as here, service must be achieved by certified mail,[1] all that is required is that

---

[1] R.C. 2107.391 reads as follows:

"(A) The citation to make the election

referred to in section 2107.39 of the Revised Code shall be sent to the spouse by certified

"* * * it must be reasonably calculated, *under all the circumstances,* to apprise interested parties of the pendency of the action and [to] afford them an opportunity * * *" (emphasis added) to act in accordance with their interests. *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, 51 [18 O.O.3d 254]. See, also, *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333 [16 O.O.3d 393].

It is our view that, because the rule is framed in such general terms, it must be applied in an essentially *ad hoc* fashion with particular attention devoted to the facts and circumstances underlying the particular case under review. Therefore, although it has been held that delivery of service need not be confined only to that person to which the service is specifically addressed, *Mitchell* v. *Mitchell, supra; Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403 [16 O.O.3d 436], we are convinced that the manner in which delivery was accomplished in the instant cause rendered the service invalid against the appellant.

Our conclusion stems from a coalescence of the factual elements surrounding the attempted delivery of service to the appellant's residence and the ensuing course of conduct on the part of his son, as a result of which it cannot be denied that the appellant never received notice of his right to make an election against his wife's will in a timely fashion. Delivery of service never took place at the appellant's residence. Instead, notice of the attempted delivery was placed · in his mailbox and later acted upon by a person who, on the state of the record before us, neither lived at the residence nor possessed any authority, actual or implied, to act on the appellant's behalf for purposes of the delivery and acceptance of posted materials. Under such circumstances, we are persuaded that an application of the rule leading to a contrary result would impose a harsh and unwarranted sanction upon the appellant who, through no apparent fault of his own, failed to receive notice of the citation from the Probate Court.

Having determined that the appellant was entitled to relief from the waiver arising from his failure to respond within the stated time period to the citation, we find that his singular assignment of error is well taken. The order of the Probate Division of the Court of Common Pleas of Hamilton County is hereby vacated and the instant cause is remanded for further proceedings in accordance with the terms of this decision.

*Judgment reversed and
cause remanded.*

SHANNON, P. J., KEEFE and DOAN, JJ., concur.

---

mail. Notice that the citation has been issued by the court shall be given to the administrator or executor.

"(B) The citation shall be accompanied by a general description of the effect of the election and the general rights of the spouse. The description shall include a specific reference to the procedures available to the spouse under section 2107.40 of the Revised Code and to the presumption that arises if the spouse does not make the election within the one-month period. The description of the effect of the election and of the rights of the spouse need not relate to the nature of any particular estate.

"(C) The surviving spouse electing to take under the will may manifest the election in writing."