**HUTTON, Appellant,**

**v.**

**RYGALSKI, Exrx., Appellee.**

[Cite as *Hutton v. Rygalski* (1989), 62 Ohio App.3d 125.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–175.

Decided March 31, 1989.

*Thomas Osowik*, for appellant.

*Richard Szczepaniak*, for appellee.

---

*Per Curiam.*

This matter is before the court on appeal from the Lucas County Court of Common Pleas, Probate Division.

Plaintiff-appellant, Virginia L. Hutton, is the surviving spouse of Walter A. Hutton, who died testate on January 15, 1987. Defendant-appellee, Sandra K. Rygalski, the executrix of Walter Hutton's estate, filed applications for authority to administer the estate and to probate the will on February 17, 1987. Walter Hutton's will was admitted to probate March 30, 1987.

The record includes a copy of a citation ostensibly issued to appellant on May 12, 1987. In accordance with R.C. 2107.39, the citation stated that appellant had a right to elect to take under or against the will. The citation provided, *inter alia*, that appellant would have one month from the date of service of the citation in which to make her election.

Counsel for appellant filed applications for extensions of time in which to elect on June 12, July 15, and July 30, 1987. Each extension was granted with the final extension to expire August 15, 1987. On August 11, 1987, appellant filed an application for the appointment of a Florida-based commissioner to personally receive appellant's election. James F. Spindler was appointed commissioner on August 11, 1987 and was directed to return appellant's election to the court "with all convenient speed."

The commissioner filed his report September 3, 1987. The report indicated that the will was read to appellant on August 26, 1987 and, after being informed of her rights and options, appellant elected to take under the law and against the will.

Appellant applied for a distribution of the estate March 16, 1988. On April 29, 1988, appellee filed a memorandum in opposition to the validity of appellant's election, contending that the election was made after the expiration of all previously established time limits.

In an order dated May 18, 1988 the probate court concluded, *inter alia:*

"Since the [appellant's] election was signed August 26, 1987 and filed September 3, 1987 and both dates were after the expiration date of the last continuance (August 15, 1987) the surviving spouse is conclusively presumed to take under the will."

Appellant filed a motion for reconsideration May 23, 1988, arguing that the citation was not properly issued or served. Appellant acknowledged that the citation had been "issued" May 12, 1987, but contended that neither the manner of issuance and receipt nor the date of service had been established. Appellant's request for reconsideration was denied June 9, 1988, whereupon appellant appealed setting forth the following three assignments of error:

"I. The decision of the probate court is against the manifest weight of the evidence.

"II. The appearance of counsel or knowledge of a surviving spouse of the right to elect to take under or against the will does not substantiate a finding of constructive notice of receipt of the citation from the court.

"III. Ohio Revised Code Section 2107.43 is unconstitutional."

■ In her first assignment of error, appellant contends that the decision of the probate court ordering her to take under the will is against the manifest weight of the evidence. Appellant sets forth a two-part argument. First, appellant contends that the evidence demonstrates that she never received the citation as required by R.C. 2107.391(A). Second, appellant asserts that it was error for the probate court to find and approve constructive notice of receipt.

R.C. 2107.391(A) provides:

"The citation to make the election referred to in section 2107.39 of the Revised Code shall be sent to the spouse by certified mail. Notice that the citation has been issued by the court shall be given to the administrator or executor."

Appellant argues that the record does not establish that the citation was sent by certified mail and states that the one-month election period does not begin to run until after service.

■ Initially, we note that if a judgment is supported by some competent, credible evidence focused on each essential element of the case, it will not be reversed on appeal as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

In its findings of fact and conclusions of law, the probate court found that a citation was issued to appellant on May 12, 1987. Such issuance is clearly

supported by the record. In response to appellant's motion for reconsideration, the probate court also stated:

"The Court's record, 'Form Mailing Book' for certified mail, * * * does show that the Citation * * * was sent to [appellant] in Pearl [sic] River, Florida on May 12, 1987 as evidenced by certified mail # 162248, logged in said book. No return card evidencing receipt of the notice was received, however."

Appellant asserts that because her mailing address is *Crystal* River, Florida and because no return card was received by the probate court, this establishes that she did not receive appropriate notice, *i.e.*, by certified mail, of her right to elect against the will. Our evaluation of the facts and circumstances leads us to conclude that appellant has placed too much emphasis on technical notification requirements and has overlooked the ultimate purpose of R.C. 2107.391.

In evaluating the service of process by certified mail, the Supreme Court of Ohio held:

"All that is required is that certified mail service be consistent with due process standards; *i.e.* it must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (Citations omitted.) *Mitchell v. Mitchell* (1980), 64 Ohio St.2d 49, 51, 18 O.O.3d 254, 256, 413 N.E.2d 1182, 1184.

In the case *sub judice*, appellant not only had the opportunity to object, she actually filed a request for an extension of time within the initial thirty-day period. There is nothing in the record to indicate that appellant was unaware of the pending action and/or her opportunity to elect, nor can we conclude that she was in any way prejudiced by the alleged failure of the probate court's attempt at certified mail. Accordingly, we find that competent, credible evidence exists to support the judgment of the probate court. For the aforestated reasons, we find appellant's first assignment of error not well-taken.

▉ In her second assignment of error, appellant argues that the appearance of counsel or the knowledge of appellant is not equivalent to constructive notice of receipt of the citation. Appellant appears to contend that the probate court required her to file something in anticipation of a pending action thereby showing its impatience with her previous behavior.

As previously noted, appellant requested two extensions and the appointment of a commissioner prior to stating her desire to take against the will. These facts do not lead us to conclude that the probate court required

appellant to "anticipate" appellee's behavior or that of the court. Appellant *chose* to request extensions and was subsequently required to comply with the established deadlines. Furthermore, despite appellant's contentions, it has long been established that, in the absence of a judgment by default, an appearance on behalf of the party by her attorney demonstrates that notice was properly served and accepted. *Abernathy v. Latimore, Jenkins & Co.* (1850), 19 Ohio 286, 288.

Appellant repeatedly urges us to follow the holding set forth by the Hamilton County Court of Appeals in *In re Estate of Jones* (1981), 1 Ohio App.3d 70, 1 OBR 350, 439 N.E.2d 458. In *Jones*, a citation was sent to the home of the surviving spouse by certified mail and an unauthorized party signed the receipt. The court found that it was error for the probate court to fail to allow the spouse to take under the statute even though the one-month period for response to the citation had expired.

Despite overt similarities, *Jones* is inapposite to the case *sub judice*. In *Jones*, the court found that, through no fault of his own, the surviving spouse "never received notice of his right to make an election against his wife's will in a timely fashion." *Jones*, 1 Ohio App.3d at 72, 1 OBR at 352, 439 N.E.2d at 461. In the instant case, as evidenced by appellant's repeated requests for extensions, we fail to find that she did not receive the requisite notice of her power to elect.

The issuance of a *citation* by certified mail is designed to give the surviving spouse *notice* of his/her options. See 32 Ohio Jurisprudence 3d (1981) 319, Decedents Estates, Section 837. This statutory purpose was clearly accomplished in the case *sub judice*. Accordingly, we do not find that requiring appellant to take under the will is a harsh or unwarranted sanction thereby necessitating formal reissuance of the instant citation. For the aforestated reasons, we find appellant's second assignment of error not well-taken.

In her third assignment of error, appellant asserts that R.C. 2107.43 is unconstitutional. Appellant contends that it is a violation of the Equal Protection and Due Process Clauses of the United States Constitution to require a surviving spouse to appear *personally* before the probate court in order to elect to take against the will. (R.C. 2107.43.) Appellant states that we should compare the personal appearance requirement of R.C. 2107.43 with R.C. 2107.391(C), which permits a surviving spouse to manifest his/her intention to take under the will in *writing*. Arguing that this is disparate treatment of similarly situated persons, appellant urges us to find R.C. 2107.43 unconstitutional.

The Equal Protection Clause guarantees that similar individuals will be dealt with in a similar manner by the government. The government is still permitted to classify persons in the creation and execution of laws but such classifications may not be based upon impermissible criteria or randomly used to burden a group of individuals. If the classification relates to a proper governmental purpose then it will be upheld. Such classification does not violate the equal protection guarantee if it distinguishes persons, *i.e.,* treats them dissimilarly, upon some permissible basis in order to advance a legitimate interest of society. Accordingly, "[t]hose persons who are treated less favorably are not denied equal protection because they are not similarly situated to those who receive the benefit of the legislative classification." See Nowak, Constitutional Law (2 Ed.1983) 586–587, Chapter 16.

Appellant does not argue that a legislative distinction between persons taking under and against the will of a spouse creates a "suspect" category or infringes upon a fundamental right so as to subject the statute to "strict scrutiny" by the court. As a result, our evaluation is limited to whether such classification bears a rational relationship to a governmental purpose not prohibited by the Constitution. *Id.* at 591.

In accordance with R.C. 2107.41, if a surviving spouse fails to make the election provided for in R.C. 2107.39, such spouse is conclusively presumed to take under the will. In other words, in the absence of action, the survivor will receive whatever has been set forth in the will. Such a presumption was found constitutional by the Supreme Court of Ohio in *In re Estate of Knofler* (1944), 143 Ohio St. 294, 28 O.O. 203, 55 N.E.2d 262, paragraph one of the syllabus.

Our evaluation of the statute and existing case law indicates that the legislative requirement that a surviving spouse appear personally to elect against the will is rationally related to the general purpose of protecting the interest of surviving spouses and decedents. For example, requiring the spouse to personally appear effectively eliminates the possibility that the survivor's wishes have been falsified by an heir or descendant standing to gain from such an election. The statute is also rationally related to a governmental desire that the survivor understand exactly what it is he is choosing to do. Although many survivors are counseled by diligent attorneys, not all benefit from sound legal advice; therefore, the explanation required by R.C. 2107.43 becomes a necessity. Finally, it has also been held that the right of a surviving spouse to elect against the will is *personal* to such surviving spouse and does not survive his or her death. *In re Estate of LaSpina* (1979), 60 Ohio St.2d 101, 14 O.O.3d 336, 397 N.E.2d 1196, paragraph one of the

syllabus. Requiring a survivor to appear in order to effectuate the election unmistakably comports with a desire to make the choice "personal."

In view of the foregoing reasons, we find that a legislative distinction between those persons electing under the will and under the law is rationally related to several legitimate government purposes. Accordingly, we find that R.C. 2107.43 is constitutional.

For the aforestated reasons, we find appellant's third assignment of error not well-taken.

Upon consideration whereof the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.