DECISION AND JUDGMENT ENTRY
{¶ 1} Jack Oakley and James Nobile ("Appellants") appeal from a sanctions judgment in favor of Appellees Michael Nolan and First National Bank of Nelsonville, Ohio ("FNB"). On appeal, the Appellants contend the trial court erred when it granted the Appellees' request for expenses and attorney fees. Because we find that the trial court did not abuse its discretion when it found frivolous conduct under R.C.2323.51(A)(2)(a)(ii)-(iv), we affirm its judgment.
 {¶ 2} On January 30, 2006, Mr. Oakley, by and through his counsel, Mr. Nobile, filed a complaint against Mr. Nolan and FNB, asserting two *Page 2 
causes of action: defamation and invasion of privacy. The claims arose out of Mr. Oakley's bankruptcy case. Prior to the time at which Mr. Oakley filed for bankruptcy, he and FNB were involved in litigation over several banking transactions. By and through its counsel, Mr. Nolan, FNB answered Mr. Oakley's complaint and filed a motion for summary judgment. Mr. Oakley also requested additional time to conduct discovery, which the trial court denied.
 {¶ 3} Both parties submitted evidence to the trial court pursuant to Civ.R. 56. Included was evidence detailing that the bankruptcy court scheduled a hearing regarding the settlement of one of Mr. Oakley's claims against another bank. Mr. Nobile, who also represented Mr. Oakley in the bankruptcy, sent a letter about the hearing to Mr. Nolan. Mr. Nobile related in the letter that Mr. Oakley was in the process of finalizing a deal to sell certain real property. Mr. Nolan then contacted the bankruptcy trustee to alert her to the sale of the real property. Mr. Nolan also faxed the trustee a copy of a newspaper article stating that Mr. Oakley had "closed" on the real property in question.
 {¶ 4} The bankruptcy trustee was interested in the real property at issue because of Mr. Oakley's alleged interest in it. Title to the real property was not in Mr. Oakley's name, but he owned fifty-four percent of the stock *Page 3 
in the company that held title. The trustee wanted Mr. Oakley's interest in the sales proceeds from the real property to be deposited into the bankruptcy estate. She stated that Mr. Nolan informed her of the newspaper article on the property and about Mr. Oakley's attempts to sell "star bricks."
 {¶ 5} Mr. Oakley did not deny trying to sell the property at issue or the star bricks for his personal benefit. He also failed to contest or dispute the information set forth in the newspaper article that Mr. Nolan faxed to the bankruptcy trustee. Mr. Oakley claimed, however, that Mr. Nolan's communication to the bankruptcy trustee was intentionally false and defamatory. He also contended that his bankruptcy proceedings did not go favorably for him because of Mr. Nolan's actions.
 {¶ 6} After considering the aforementioned evidence, the trial court granted Mr. Nolan's and FNB's motion for summary judgment. Mr. Nolan and FNB then filed a motion for expenses and attorney's fees against Mr. Oakley and Mr. Nobile, alleging that Mr. Nobile's filing of the complaint at Mr. Oakley's request was frivolous. The trial court subsequently held a hearing on the matter wherein the parties stipulated to the evidence submitted on the motion for summary judgment. The trial court also heard testimony from several witnesses, summarized infra. *Page 4 
 {¶ 7} At the time Mr. Oakley filed the defamation suit, he knew Mr. Nolan had a conversation with the bankruptcy trustee about Mr. Oakley's company selling the aforementioned property. After this conversation, he felt that the trustee's behavior shifted. Mr. Oakley was not apprised of the bankruptcy trustee's thoughts until after he filed the defamation suit, when Mr. Nolan and FNB secured her affidavit for use in summary judgment proceedings; however, it appeared to Mr. Oakley and Mr. Nobile prior to the filing that Mr. Nolan's communications with the trustee were extensive and had negative consequences for Mr. Oakley.
 {¶ 8} Subsequent to filing the defamation suit, Mr. Oakley did not deny the truth of what Mr. Nolan claimed to have told the trustee, but Mr. Oakley believed that Mr. Nolan had related other things to the trustee that were not true. Mr. Oakley alleged he did not think that the real property in question and the star bricks were the property of the bankruptcy estate because they were not titled in his name. He also alleged he knew an attorney other than Mr. Nolan represented FNB in his bankruptcy case, and that Mr. Nolan never made an appearance in the bankruptcy case as counsel for FNB.
 {¶ 9} At the conclusion of the hearing, the trial court granted Mr. Nolan and FNB's request for expenses and attorney's fees against Mr. *Page 5 
Oakley and Mr. Nobile, as it found frivolous conduct on their part in violation of R.C. 2323.51(A)(2)(a)(ii)-(iv). Mr. Oakley and Mr. Nobile now appeal this decision, asserting the following assignments of error:
 {¶ 10} 1. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND/OR ERROR AS A MATTER OF LAW WHEN IT GRANTED DEFENDANTS' MOTION FOR SANCTIONS.
 {¶ 11} 2. THE TRIAL COURT COMMITTED ERROR AS A MATTER OF LAW WHEN IT DETERMINED THAT AN ATTORNEY AND THE PARTY BEING REPRESENTED, ALSO AN ATTORNEY, WERE BOTH ENTITLED TO LEGAL FEES PURSUANT TO § 2323.51.
 {¶ 12} In their first assignment of error, Mr. Oakley and Mr. Nobile allege that the trial court abused its discretion when it granted Mr. Nolan and FNB's motion for sanctions. In their second assignment of error, they argue that the trial court erred when it determined that Mr. Nolan and FNB were entitled to attorney's fees. For ease of analysis, we will address these assignments of error jointly.
 {¶ 13} Sanctions are addressed in Civ.R. 11, which states, "[e]very pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *." The attorney's signature constitutes certification by the attorney of the following: (1) that he or she has read the pleading, motion, or *Page 6 
document; (2) that to the best of the attorney's knowledge, information, or belief, the pleading, motion, or document is supported by good grounds; and (3) that the pleading, motion, or document is not interposed for delay. See Civ.R. 11. If the rule is willfully violated, or if a scandalous or indecent matter has been inserted, the attorney can be subject to sanctions, including attorney fees. Id. Any violation must be willful; negligence is insufficient to invoke Civ.R. 11 sanctions. Id. Civ.R. 11 employs a subjective bad faith standard.Riston v. Butler (2002), 149 Ohio App.3d 390, 394, 777 N.E.2d 857.
 {¶ 14} R.C. 2323.51 addresses sanctions and attorney's fees where frivolous conduct is at issue. Under RC. 2323.51(A)(2)(a)(ii)-(iv), "frivolous conduct" is defined in the following manner:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. *Page 7 
 (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
 {¶ 15} The trial court's decision to impose sanctions pursuant to R.C.2323.51 rests within its sound discretion and cannot be reversed absent an abuse of that discretion. Riston, supra, at 394. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Franklin Cty. Sheriffs Dept. v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.
 {¶ 16} The law concerning R.C. 2323.51 was advanced by the Second Appellate District in Hickman v. Murray (1996), Montgomery App. No. CA 15030, 1996 WL 125916:
 "The statute is to be applied carefully so that legitimate claims are not chilled. Beaver Excavating Co. v. Perry Twp. (1992), 79 Ohio App.3d 148. A party is not frivolous merely because a claim is not well-grounded in fact. Richmond Glass Aluminum Corp. v. Wynn (Sept. 5, 1991), Columbiana App. No. 90-C-46, unreported at 2. Furthermore, the statute was not intended to punish mere misjudgment or tactical error. Turowski v. Johnson (1991), 70 Ohio App.3d 118, 123, quoting Stephens v. Crestview Cadillac
(1989), 62 Ohio App.3d 129, 134. Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. Turowski v. Johnson (1990), 68 Ohio App.3d 704, 706.
 "Whether a claim is warranted under existing law is an objective consideration. Lewis v. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 473, citing Ceol v. Zion Indust. Inc. (1992), 81 Ohio App.3d 286, *Page 8 
291. The test, we find, is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim."
1996 WL 125916, at *5. Additionally, "[w]hen * * * reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." Ron Scheiderer Assoc. v. London (1998), 81 Ohio St.3d 94, 97, 689 N.E.2d 552.
 {¶ 17} In the case sub judice, there was no evidentiary support for Mr. Oakley's defamation suit. Mr. Oakley never denied the truth of Mr. Nolan's communications to the bankruptcy trustee. He merely asserts that Mr. Nolan made additional defamatory remarks about him to the trustee. There is no support for this allegation in either Mr. Nolan's or the trustee's affidavit or elsewhere in the record. Reasonable inquiry by Mr. Nobile, as Mr. Oakley's counsel of record, would have revealed the inadequacy of the defamation claim, and thus, its frivolity. Therefore, the trial court's levy of sanctions was not an abuse of its discretion.
 {¶ 18} Likewise, the trial court's imposition of attorney's fees pursuant to R.C. 2323.51 was not an abuse of its discretion. As noted supra, awards made within statutory guidelines to a party affected by the frivolous conduct *Page 9 
of another party are justified. Id. at 97. Additionally, Mr. Nolan and FNB called attorney William Walker to testify regarding the legal fees and expenses they incurred in defense of the suits filed by Mr. Oakley and Mr. Nobile. Mr. Walker testified that the legal fees and other expenses were reasonable. Mr. Oakley, by and through Mr. Nobile, did not object to Mr. Walker's testimony or the trial court's admission of Mr. Nolan's invoices. In fact, Mr. Nobile stipulated to the reasonableness of the time spent and the amount of the legal fees incurred. Because Mr. Oakley and Mr. Nobile did not object to the trial court's admission of these items into evidence, they have waived all but plain error. We find no error in the trial court's award, let alone plain error. As such, we overrule both of Mr. Oakley and Mr. Nobile's assigned errors.
 {¶ 19} In our view, the trial court did not abuse its discretion when it granted Mr. Nolan and FNB's motion for sanctions and awarded those parties reasonable attorney's fees. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Dissents.
For the Court,
 BY: Matthew W. McFarland Presiding Judge *Page 1