MITCHELL, APPELLEE, *v.* MITCHELL, APPELLANT.

(No. 80-120—Decided December 3, 1980.)

50

Mr. *Roy J. Gilliland,* for appellee.

Mr. *Timothy J. Foran* and Ms. *Linda K. Fiely,* for appellant.

STILLMAN, J.   Civ. R. 4.3(B)(1), which provides for service of process upon the out-of-state defendant by certified mail, states in pertinent part:

"Evidenced by return receipt signed by any person,[2] service of any process shall be by certified mail unless otherwise permitted by these rules. The clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served at his last known address set forth in the caption or set forth in written instructions furnished to the clerk, with instructions to forward. He shall affix adequate postage and place the sealed envelope in the United States mail as certified mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

"The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received by him. If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record, or if there is no attorney of record, the party at whose instance process was issued. He shall enter the fact of notification on the ap-

---

[2] The words, "Evidenced by return receipt signed by any person," were added to Civil Rule 4.3(B)(1) by amendment on July 1, 1980.

pearance docket. The clerk shall file the return receipt or returned envelope in the records of the action. If the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served."

The Staff Note pertaining to Civ. R. 4.3(B)(1) states that certified mail service under the rule does not require delivery to the defendant only. This court in *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 110, certiorari denied, 423 U. S. 932, declared that certified mail service under the Rules of Civil Procedure does not require actual service upon the defendant, but is effective upon certified delivery. This court recognized that a need for actual notice would be contrary to modern service requirements.

Similarly, certified mail service under the rule does not require that delivery to a person other than the defendant be restricted to a person authorized by appointment or by law to receive service of process for the defendant. All that is required is that certified mail service be consistent with due process standards; *i.e.*, it must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306; *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333. This court in *Castellano* v. *Kosydar, supra,* concluded that service of process by certified mail is reasonably calculated to give interested parties notice of a pending action.

Accordingly, certified mail service under Civ. R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendant's address. The Civil Rules do not require that delivery be restricted to the defendant or to a person authorized by appointment or by law to receive service of process for the defendant. *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403.

In the instant case, delivery of the envelope containing a copy of the process and appellee's complaint to Alice Taylor

at appellant's address constituted valid certified mail service. Delivery to Alice Taylor was reasonably calculated to notify appellant that a complaint for divorce had been filed against her. In fact, appellant never asserted that she was unaware of the pendency of the action.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

STILLMAN, J., of the Eighth Appellate District, sitting for DOWD, J.