## United Fairlawn, Inc.
## v. HPA Partners
*[Cite as 7 AOA 375]*

*Case No. 14571*
*Summit County, (9th)*
*Decided October 17, 1990*

*James L. Bickett and Kevin T. Lyden, 50 S. Main St., Suite 700, Akron, Ohio 44308, for Plaintiffs.*

*Karen M. Doty, Carl W. Allison, and Allen P. DiGirolamo, 50 S. Main St., P. O. Box 1500, Akron, Ohio 44309, for Defendants.*

CACIOPPO, J.

Plaintiff-appellant, United Fairlawn, Inc. (United), appeals a court of common pleas order vacating a default judgment against defendant-appellee, HPA Partners (HPA), a New York partnership. United maintains that the trial court abused its discretion in this regard since HPA had been duly served with summons at its usual place of business pursuant to Civ. R. 4.2(7). We disagree and affirm.

*Facts*

On September 8, 1989, United filed its complaint against HPA in the court of common pleas alleging breach of contract. The underly-ing agreement for the sale of motel property recited HPA's business address as:

"c/o Oppenheimer Properties, Inc.
Oppenheimer Tower
World Financial Center
New York, NY 10281"

The notice provision of the contract required that all correspondences to HPA be delivered to this address with a copy to:

"The Law Offices of Robert L. Howard
275 Madison Ave. #3500
New York, NY 10016
Attention: *Anthony v. Labozzetta, Esq.*"

The caption of the complaint, however, denotes HPA's address as:

"c/o Oppenheimer Properties Inc.
One New York Plaza
New York, NY 10281"

On September 19, 1989, a summons and copy of the complaint was issued to HPA at the New York Plaza address via certified mail. Three days later the envelope was delivered and a return receipt was signed by "R. McClain". When HPA failed to plead or otherwise respond within twenty-eight days, United moved for default judgment pursuant to Civ. R. 55. The motion was granted on November 13, 1989.

Once United proceeded to execute its judgment, HPA secured local counsel and moved to vacate the entry. An affidavit of an HPA Vice President, Dawn M. Ragan (Ragan), dated February 9, 1990, was submitted stating that the partnership had not used the New York Plaza address for three and one-half years. She identified the Oppenheimer Tower address as their proper location. R. McClain, she claimed, was not an employee of HPA. The partnership had neither actual notice nor knowledge of the Ohio lawsuit until the initiation of garnishment proceedings by her account. An affidavit of attorney Robert L. Howard was also presented maintaining that he had not received notice of the action either, until United sent him a copy of the complaint after default judgment had been entered.

United opposed the motion to vacate and offered an affidavit of one of its officers, Daniel J. Slavin (Slavin). He stated that on April 7, 1989 he sent a letter to Ragan at the New York Plaza address by certified mail. The return receipt was signed by the same "R. McClain" who would later sign for the summons and complaint. He further recounted that on July 12, 1989 he executed another certified mailing to Ragan at One New York Plaza which was

returned undelivered. The correspondence was then successfully delivered to the Oppenheimer Towers location and was again signed by "R. McClain". Copies of these receipts were attached to the affidavit.

On April 20, 1990 the trial court granted the motion to vacate the default judgment. The order explicitly found that the New York Plaza was not HPA's usual place of business. This appeal by United follows.

### Assignment of Error

"It was an abuse of discretion and error for the Trial Court to vacate the Default Judgment against Defendant-Appellee, HPA Partners, a New York Limited Partnership, on the ground that said default judgment was *void* due to & failure of proper service of the Summons and Complaint upon Defendant-Appellee."

We must first address whether the order of the trial court vacating the default judgment is final and appealable pursuant to R.C. 2505.02. HPA advances the theory that since the default judgment was declared void, as opposed to merely voidable, it never existed in effect and, consequently, there was no judgment to appeal. While interesting, this specious argument may be readily dismissed.

The trial court's order expressly deems the default judgment *void* for lack of service of process. Ohio courts enjoy inherent authority to render such decrees in contrast to the more restricted power to vacate set forth in Civ. R. 60(B). *Patton v. Diemer* (1988), 35 Ohio St. 3d 68, fourth paragraph four of the syllabus; 63 Ohio Jurisprudence 3d 1985) 407, Judgments, Section 587.

Admittedly, a void judgment is a nullity. *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St. 2d 31, 36. However, this description refers only to the effect of the judgment and not its actual existence. See e.g., *Romito v. Maxwell* (1967), 10 Ohio St. 2d 266, 267. To suggest that a judgment was never rendered is pure fantasy.

Since the order of the trial court "vacates or sets aside a judgment," it is final and appealable. R.C. 2505.02. It is well settled that an order setting aside a default judgment pursuant to the civil rules is subject to immediate review. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph one of the syllabus. Because R.C. 2505.02 does not distinguish between an order based on Civ. R. 60(B) and an order founded upon a court's inherent authority to void a prior judgment, the trial

judge's decision in the instant case is properly before this court.

Directing our attention to the propriety of the order, we note that a decision to void a prior judgment will not be overturned absent an abuse of discretion. *Terwoord v. Harrison* (1967), 10 Ohio St. 2d 170, 171. United argues that given the undisputed facts presented, the inescapable conclusion is that HPA was duly served summons at its usual place of business. We disagree.

Civ. R. 4.2(7) permits service of process:

"Upon a partnership, a limited partnership, or a limited partnership association by serving the entity by certified mail at any of its usual places of business or by serving a partner, limited partner, or manager or member[.]"

United does not suggest that service has been attempted upon a partner, limited partner, manager, or member of HPA, leaving only the question of whether service was completed at any of the partnership's "usual places of business." This term is not specifically defined in the civil rules allowing for substantial latitude in interpretation.

Against the backdrop of longstanding constitutional standards, a partnership is duly served at its "usual place of business" when such notice is "reasonably calculated, under all the circumstances, to apprise interested parties of, the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 314; see, also, *Mitchell v. Mitchell* (1980), 64 Ohio St. 2d 49, second paragraph two of the syllabus; *Samson Sales v. Honeywell, Inc.* (1981), 66 Ohio St. 2d 290, syllabus. Given the facts presented, we cannot say that the trial court abused its discretion by vacating the default judgment on the grounds that the New York Plaza address was not HPA's usual place of business.

Contrary to HPA's assumptions, the mere fact R. McClain was not its employee does not invalidate service. A signed receipt by "any person" at the usual place of business of the defendant is sufficient pursuant to the clear terms of Civ. R. 4.3(B)(1). See, *Samson Sales, supra*, at 293 fn. 3. A civil defendant is not immune from certified mail service simply because it utilizes a non-employee mailroom.

However, the only evidence United offers to suggest that New York Plaza is HPA's usual place of business is the fact that Slavin's April 7, 1989 correspondence to this address eventual-

ly found its way to R. McClain and Ms. Ragan. The return receipt was not signed until April 20, 1989 suggesting that this letter made a very round-about trip to its intended destination. A single successful mailing five months prior to the attempted service of process does not establish a usual place of business.

Moreover, countervailing factors further demonstrate that use of the New York Plaza address was not reasonably calculated to provide notice to HPA. Initially, Slavin's July 12, 1989 correspondence to Ragan at this location was undeliverable while a subsequent attempt at Oppenheimer Towers was successful. The United officer makes no effort to explain why he would attempt service of process two months later at New York Plaza when he knew this address was suspect.

More significantly, United completely ignored the mutually agreed notice provisions set forth in the underlying agreement. Two complete addresses were provided at which service to either would have apparently been effective. While this contract certainly does not supersede the Ohio Rules of Civil Procedure, a certified mailing is not "reasonably calculated" to provide notice when an established business mailing address is discarded for one that is questionable. These clauses were clearly drafted by the parties as an effort to avoid the confusion and delay that has developed leaving United with no grounds to complain.

Under the circumstances, New York Plaza was not necessarily a usual place of business of HPA. The trial court therefore did not abuse its discretion by vacating its previous entry of default judgment. United's assignment of error is overruled. The trial court's judgment is affirmed.

QUILLIN, J., concurring.

There is not sufficient evidence in the record to convince me that the trial court abused its discretion. Therefore, I concur in the judgment.

BAIRD, J. dissenting.

As noted by the majority, the trial court did conclude that the address at which certified mail service was attempted was not the partnership's usual place of business. It must be pointed out, however, that the trial court also found that the individual who signed for the certified mail was an employee of the partnership's landlord, working in the mailroom of the building that was, in fact, the partnership's usual place of business.

Since the majority has set forth the law to be that a signed receipt by any person at the usual place of business is sufficient service, then the trial court's factual findings support a conclusion of proper service, rather than defective service. Moreover, it is noted that the trial court's order provides as follows:

"The summons and complaint were not served upon a partner, limited partner, or manager or member of HPA Partners as required by Ohio Civil Rule 4.2(7)."

Thus, the trial court appears to have misconstrued the law, insofar as it seems to acknowledge only one way that a partnership can be served, rather than the two alternative ways which are set forth in Civ. R. 4.2(7).

Thus, because I believe it is based upon an erroneous view of the law and because I believe that it is not supported by the factual findings, the judgment of the trial court should be reversed. Accordingly, I dissent.