DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dorothy L. Snow, appeals the decision of the Summit County Court of Common Pleas denying her motion for relief from judgment. We affirm.
Snow was the owner of a parcel of property located at 2588 Pelton Avenue in Akron, Ohio. This property was subject to a mortgage held by appellee, Peoples Federal Savings and Loan Association, n.k.a. Peoples National Bank ("the bank"). The Akron property was not the residence of Snow and apparently never was. At least from the time this mortgage was executed until after the present action was filed, Snow resided at 1230 Swigart Road, Barberton, Ohio.
In December 1994, the bank mailed to Snow's Barberton address a letter indicating she was in default on her Akron property mortgage payments. This default was not cured and, in February 1995, the bank filed a foreclosure action. Copies of the summons and complaint were sent by certified mail to Snow's Barberton address. The signed receipt was returned with the signature "Dorothy Snow" affixed to it.
In September 1995, the bank moved for default judgment against Snow. The lower court granted the motion, finding that Snow had been served in accordance with law but that she had failed to answer, appear, or otherwise file any appropriate pleading. The court ordered the Akron property sold at sheriff's auction. In April 1997, following the sale, the court issued an order approving and confirming the sale of the property to the highest bidder. The court distributed the proceeds, paying the judgment in favor of the bank and the expenses associated with sale. It then ordered that the approximately $13,500 excess be distributed to Snow.
In July 1997, Snow filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). She attached an affidavit in which she swore she had not been properly served with the summons and complaint and that receipt of the $13,500 check was the first she was aware of the foreclosure action against her. The court denied her motion without a hearing. Snow appeals, arguing the court erred in failing to grant an evidentiary hearing on her motion.
Generally, the decision whether to hold an evidentiary hearing on a Civ.R. 60(B) motion will be reviewed on an abuse of discretion basis. Schafer v. Continental Airlines, Inc. (1989),62 Ohio App.3d 855, 857. An evidentiary hearing on such a motion is not required where the motion and its attachments, if any, do not contain allegations of operative fact that, if true, would warrant relief under the Rule. State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151. To prevail on her Civ.R. 60(B) motion, Snow was required to demonstrate that: 1) she had a meritorious defense or claim to present if relief was granted, 2) she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and 3) the motion was made within a reasonable time. See GTE Automatic Elec. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The dispositive issue here is whether Snow presented operative facts which, if true, would entitle her to the relief she sought under Civ.R. 60(B)(1).
Civ.R. 60(B)(1) provides that a court may relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise or excusable neglect." Snow argues she is entitled to relief under this rule based on "surprise" because she was not properly served with notice of the pending foreclosure action. We disagree. Civ.R. 4.3(B)(1) provides that service of process shall be by certified or express mail, evidenced by return receipt "signed by any person." In other words, service of process is not restricted to delivery directly to the defendant or a person authorized by the defendant to receive service. Mitchell v.Mitchell (1980), 64 Ohio St.2d 49, paragraph one of the syllabus. "All that is required is that certified mail service * * * must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Id. at 51. "Accordingly, certified mail service under Civ.R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendant's address." Id.
In this case, the summons and complaint were sent by certified mail to Snow's Barberton address. She admitted in her affidavit that she did, in fact, reside at that address. The return receipt in the record indicates that someone at the Barberton address received the service and acknowledged having done so by signing "Dorothy Snow" on the return card. Snow has not alleged that this service failed to comport with the requirements of Civ.R. 4.3(B)(1); she merely alleges she did not receive it. "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." Bank One Cincinnati, N.A. v.Wells (Sept. 18, 1996), Hamilton App. No. C-950279, unreported, citing In re Estate of Popp (1994), 94 Ohio App.3d 640, 650. Snow's mere allegation that she did not receive proper service is insufficient, under the circumstances, to rebut the presumption that service was properly accomplished under the rules. SeeFarmers Ins. of Columbus, Inc. v. Rabbitt (Dec. 26, 1991), Cuyahoga App. No. 61785, unreported.
Although Snow claims she did not receive notice of the foreclosure action against her, it is apparent that service of the summons and complaint was properly completed at her Barberton residence. This service was "reasonably calculated" to apprise her of the pending action and it comported with the requirements of the civil rules. Even if we were to presume that someone forged Snow's name on the return receipt, the fact that the documents were delivered to her residence and received by "any person" was sufficient to constitute proper service. Snow therefore failed to present any operative facts which would entitle her to relief under Civ.R. 60(B)(1), and the lower court did not abuse its discretion in refusing to grant an evidentiary hearing on the matter. The judgment of the lower court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.
A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
REECE, J., CONCUR