JOURNAL ENTRY AND OPINION
Defendants-appellants Dan Chun and Duk Chan ("defendants") appeal the decision of the trial court granting plaintiffs-appellees Samuel J. Herman's, et al., ("plaintiffs") Civ.R. 60(B) motion to vacate judgment.
The record reveals this case arose from a car accident that occurred on July 9, 1993, between a car driven by Samuel Herman and a second car driven by Dan Chun.[1] Plaintiffs filed their complaint against defendants alleging negligence and negligent entrustment on June 30, 1995. Approximately two years later, on March 19, 1997, the case was voluntarily dismissed without prejudice by plaintiffs as a subsequent medical examination of Herman revealed further injuries were developing as a result of the car accident.
Thereafter, on December 12, 1997, plaintiffs refiled their complaint, adding their insurer Ohio Casualty Insurance Company as a party-defendant based on an underinsured motorist claim. The docket shows service on the complaint was perfected on defendants on December 24, 1997, as "signed by other." Three months later, on March 23, 1998, defendants filed a motion to dismiss for failure of service and lack of personal jurisdiction. In support, defendants attached the affidavit of a Reverend Choong Duk Moon who averred he resided at defendants' former residence, he signed when service was attempted, and defendants no longer lived in this country. Plaintiffs, pursuant to R.C. 2703.20, filed a notice of constructive service on the Secretary of State on April 6, 1998. Plaintiffs also caused a subpoena to be served on Rev. Moon for the purposes of taking his deposition. The deposition never occurred as the Rev. Moon failed to appear for the scheduled deposition.
On November 3, 1998, the trial court granted defendants' motion to dismiss. In response, plaintiffs filed a Civ.R. 60(B) motion for relief from judgment. Plaintiffs argued they had a meritorious claim as liability had previously been established. Further, plaintiffs claimed good service had been established on defendants by virtue of the constructive service perfected on the Secretary of State and the service obtained by certified mail on December 24, 1997, at defendants' residence.
A hearing on the Civ.R. 60(B) motion was held. The trial court heard arguments from all the parties and then granted plaintiffs' Civ.R. 60(B) motion for relief from judgment. Defendants timely filed a notice of appeal based from the granting of the Civ.R. 60(B) motion and now present a single assignment of error.
Defendants' single assignment of error states as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEES' RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT WHERE APPELLEES FAILED TO OFFER EVIDENCE SUPPORTING TWO OF THE THREE PRONGS OF THE TEST SET FORTH IN GTE AUTOMATIC ELECTRIC v. ARC INDUSTRIES (1976), 47 Ohio St.2d 146.
Defendants present a tripartite argument. First, defendants argue plaintiffs never presented a meritorious claim. Defendants contend plaintiffs never perfected service. They maintain "[v]alid service of process is only presumed when an envelope is received by any person at the Defendant's residence." And since they had moved out of the country it was impossible for Rev. Moon to sign for the certified mail as an attestation that the house was "their residence." Rev. Moon signed for the certified mail at his own residence, not that of defendants. Second, defendants argue plaintiffs did not perfect service pursuant to R.C. 2703.20 by serving the Secretary of the State. Defendants claim plaintiffs did not serve the Secretary of State by the officer to whom service was directed or by the Sheriff of Franklin County. Instead, plaintiffs served the Secretary of State via certified mail which is not the proper method. In addition, defendants contend plaintiffs never sent registered mail to them or Rev. Moon which again is inadequate under R.C. 2703.20. Lastly, defendants argue plaintiffs failed to establish entitlement to relief under any of the grounds in Civ.R. 60(B). They claim plaintiffs have simply reformulated old arguments without any new facts in support thereof.
The question of whether a motion for relief from judgment should be granted is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. The phrase "abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court in reaching its judgment. Cerney v. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482,491. When applying this standard of review, we may not freely substitute our judgment for that of the lower court. In reJane Doe I (1991), 57 Ohio St.3d 135, 137-138.
The requirements necessary for a motion seeking relief from judgment have been set forth in paragraph two of the syllabus ofGTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
In regard to the first prong the movant's burden is only to assert a meritorious claim or defense supported by operative facts and not to necessarily prevail with respect to the truth of the claim or defense. McCann v. Lakewood (1994), 95 Ohio App.3d 226.
As to the first prong, plaintiffs attached to their motion to vacate two letters from a Dr. Ruch. Dr. Ruch described the neck, shoulder, and arm pain that Samuel Herman was experiencing as a result of a car accident that occurred on July 3, 1993. Dr. Ruch explained that an MRI revealed Herman has a herniated disc and cervical myelopathy. Lastly, Dr. Ruch stated "with a reasonable degree of medical certainty the disc herniation is a result of his automobile accident * * *." Defendants have not admitted liability in this matter, but have not presented any evidence contravening the opinion of Dr. Ruch. Therefore, we find plaintiffs have demonstrated a meritorious claim supported by sufficient operative facts.
The second prong of the test in GTE states the movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). Plaintiffs maintain they are entitled to relief under the fifth ground which states "any other reason justifying relief from the judgment." This fifth ground is the catch-all provision and applies only when any of the other grounds do not. Moreover, it reflects the inherent power of courts to relieve a person from the unjust operation of a judgment and should only be used in rare cases, where substantial grounds exist to justify relief. Wiley v. Gibson (1997), 125 Ohio App.3d 77,81.
Regarding the second prong, defendants maintain plaintiffs are not entitled to relief from judgment because service was never perfected. They argue the Rev. Moon signed for the certified mail but he was not at their residence and plaintiffs failed to properly serve the Secretary of State.
The record shows plaintiffs obtained effective service on defendants on the first complaint at 6842 Karen Drive, Seven Hills, Ohio. Approximately two years later, a second complaint was filed and plaintiffs attempted service at the same address. The docket reflected that certified mail service was perfected as "signed by other." Defendants then filed a motion to dismiss, arguing service had not been perfected because Rev. Moon accepted service but not at defendants' residence. In support, defendants attached the affidavit of Rev. Moon who averred he accepted service but that defendants no longer lived in this country. In response, plaintiffs filed a notice of constructive service upon the Secretary of State. Plaintiffs then subpoenaed Rev. Moon but he never appeared for a deposition.
In Mitchell v. Mitchell (1980), 64 Ohio St.2d 49, 51, the Court held "* * * certified mail service under Civ.R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendants' address."
We agree with the reasoning of defendants that service was never perfected at defendants' residence. Rev. Moon was served with the certified mail, but he was not served at defendants' residence. He was served at his own residence. In light ofMitchell, the instant facts amount to ineffective service.
Regarding service of the Secretary of State via R.C. 2703.20, we find this service was also ineffective. R.C. 2703.20 describes service of process upon nonresident owners or operators of motor vehicles and states:
 Such process shall be served, by the officer to whom the same is directed, or by the sheriff of Franklin County,
who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process. (Italics added).
The statute prescribes the method by which the Secretary of State is to be served. There are two options for delivery of service: (1) by the officer to whom the same is directed or (2) by the sheriff of Franklin County. Plaintiffs' "NOTICE of CONSTRUCTIVE SERVICE on the SECRETARY of the STATE of OHIO PURSUANT TO O.R.C. 2703.20" reveals the complaint was sent by certified mail directly to the Secretary of State and to defendants at their last known address. As this service attempt does not comply with either of the options provided in R.C. 2703.20, we find plaintiffs never perfected service on the Secretary of State; i.e., constructive service on defendants. See Matthews v. Kinn (May 2, 1988), Seneca App. No. 12-87-05, unreported.
Based on the above analysis, we find service was never perfected on defendants. Therefore, plaintiffs did not meet their burden of proving they were entitled to relief under the fifth ground of Civ.R. 60(B). Accordingly, the trial court abused its discretion in granting plaintiffs' Civ.R. 60(B) motion for relief from judgment. Defendants' sole assignment of error is sustained.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADMINISTRATIVE JUDGE
 JAMES D. SWEENEY, J., CONCURS
 _______________________ JUDGE, JOHN T. PATTON
[1] Duk Chun owned the car driven by Dan Chun.