[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his five assignments of error, defendant-appellant Roy C. Bradley challenges the decree of divorce granted to his former spouse, plaintiff-appellee Leslie W. Bradley, and the award of the parties' real estate, located at 10560 Crescendo Drive, Cincinnati, Ohio 45242, to her while he was confined in a federal prison in Manchester, Kentucky.
The gravamen of Bradley's argument is that the trial court lacked inpersonam jurisdiction, as he was never personally served with process. Here, service was made by certified mail pursuant to Civ.R. 4.3(A)(8): the record shows that the summons and appellee's complaint were directed to Bradley at P.O. Box 4000, Manchester, Kentucky 40962-4000, and signed for by D. Mills on April 21, 2000. A motion to add defendants was served on Bradley at the same address and signed for by K. Hoble on June 23, 2000.
Under Civ.R. 4.3(B) service does not require personal delivery to the defendant; service by correctly addressed certified mail is considered valid when the return receipt is "signed by any person." Such delivery has been held to satisfy due process, as it is reasonably calculated, under the circumstances, to apprise a party of the pending action and to provide the opportunity to present objections. See Mitchell v. Mitchell
(1980), 64 Ohio St.2d 49, 413 N.E.2d 1182, paragraphs one and two of the syllabus.
This record confirms that, before the decree of divorce was journalized on October 16, 2000, Bradley was apprised of the complaint for divorce. On July 12, 2000, he filed pro se a document captioned "Notice of Removal to the district court of the District of Columbia, Art. III, Sec 2." On September 11, 2000, he filed objections to the magistrate's findings of fact and conclusions of law. Both reflected a voluntary appearance before the court by Bradley. See In re Crow (Jan. 22, 2001), Darke App. Nos. CA 1521 and CA 1522, unreported. Accordingly, Bradley's five assignments of error are overruled.
Bradley's motion to strike the appellee's brief is, likewise, overruled, as the motion is not signed by Bradley or a person authorized to practice law, pursuant to Civ.R. 11, but by "Betty B. Bradley power of attorney."
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.