JOURNAL ENTRY AND OPINION
Plaintiffs Samuel J. Herman and Marianne Herman appeal from the order of the trial court that denied their motion for relief from judgment. For the reasons set forth below, we affirm.
The facts of this matter are as follows:
 The record reveals this case arose from a car accident that occurred on July 9, 1993, between a car driven by Samuel Herman and a second car driven by Dan Chun. Plaintiffs filed their complaint against defendants [Dan Chun and his father Duk Chun] alleging negligence and negligent entrustment on June 30, 1995.
 Approximately two years later, on March 19, 1997, the case was voluntarily dismissed without prejudice by plaintiffs as a subsequent medical examination of Herman revealed further injuries were developing as a result of the car accident.
 Thereafter, on December 12, 1997, plaintiffs refiled their complaint, adding their insurer Ohio Casualty Insurance Company as a party-defendant based on an underinsured motorist claim. The docket shows service on the complaint was perfected on defendants on December 24, 1997, as "signed by other." Three months later, on March 23, 1998, defendants filed a motion to dismiss for failure of service and lack of personal jurisdiction. In support, defendants attached the affidavit of a Reverend Choong Duk Moon who averred he resided at defendants' former residence, he signed when service was attempted, and defendants no longer lived in this country.
 Plaintiffs, pursuant to R.C. 2703.20, filed a notice of constructive service on the Secretary of State on April 6, 1998. Plaintiffs also caused a subpoena to be served on Rev. Moon for the purposes of taking his deposition.
 The deposition never occurred as the Rev. Moon failed to appear for the scheduled deposition.
 On November 3, 1998, the trial court granted defendants' motion to dismiss. In response, plaintiffs filed a Civ.R. 60(B) motion for relief from judgment.
 Plaintiffs argued they had a meritorious claim as liability had previously been established. Further, plaintiffs claimed good service had been established on defendants by virtue of the constructive service perfected on the Secretary of State and the service obtained by certified mail on December 24, 1997, at defendants' residence.
 A hearing on the Civ.R. 60(B) motion was held. The trial court heard arguments from all the parties and then granted plaintiffs' Civ.R. 60(B) motion for relief from judgment.
See Herman v. Chun (May 18, 2000), Cuyahoga App. No. 76262, unreported.
This court reversed and stated:
 * * * Rev. Moon accepted service but not at `defendants' residence. In support, defendants attached the affidavit of Rev. Moon who averred he accepted service but that defendants no longer lived in this country. In response, plaintiffs filed a notice of constructive service upon the Secretary of State. Plaintiffs then subpoenaed Rev. Moon but he never appeared for a deposition.
 In Mitchell v. Mitchell (1980), 64 Ohio St.2d 49, 51, 413 N.E.2d 1182, the Court held "* * * certified mail service under Civ.R. 4.3(B) (1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendants' address.
 We agree with the reasoning of defendants that service was never perfected at defendants' residence.
 Rev. Moon was served with the certified mail, but he was not served at defendants' residence. He was served at his own residence. In light of Mitchell, the instant facts amount to ineffective service.
 Regarding service of the Secretary of State via R.C. 2703.20, we find this service was also ineffective. * * *
 The statute prescribes the method by which the Secretary of State is to be served. There are two options for delivery of service: (1) by the officer to whom the same is directed or (2) by the sheriff of Franklin County. Plaintiffs' "NOTICE of CONSTRUCTIVE SERVICE on the SECRETARY of the STATE of OHIO PURSUANT TO O.R.C. 2703.20" reveals the complaint was sent by certified mail directly to the Secretary of State and to defendants at their last known address. As this service attempt does not comply with either of the options provided in R.C. 2703.20, we find plaintiffs never perfected service on the Secretary of State; i.e., constructive service on defendants. See Matthews v. Kinn, 1988 Ohio App. LEXIS 1675 (May 2, 1988), Seneca App. No. 13-87-05, unreported. Based on the above analysis, we find service was never perfected on defendants. Therefore, plaintiffs did not meet their burden of proving they were entitled to relief under the fifth ground of Civ.R. 60(B). Accordingly, the trial court abused its discretion in granting plaintiffs' Civ.R. 60(B) motion for relief from judgment. Defendants' sole assignment of error is sustained.
Id.
Later, on May 31, 2000, service was perfected upon the Secretary of State in the manner prescribed by R.C. 2703.20 and plaintiffs filed a 60(B) Motion Regarding Service, to Vacate Judgment or, in the Alternative, Motion for Reconsideration. The trial court held a hearing on this motion on October 5, 2000. Thereafter, on October 25, 2000, the trial court denied plaintiffs' motion stating:
 Service upon defendants was not achieved until nearly two and one-half years after the second complaint was filed.
 Plaintiffs assert that their cause of action is preserved by the operation of R.C. 2305.15. This statute serves to toll the limitations period in R.C. 2305.04 to 2305.14
and in 1302.98 and 1304.29 of the Revised Code if a defendant is out of state or has absconded or conceals himself. Plaintiffs contend that defendants have departed America for Korea and that, as a consequence, the limitations period has tolled since early 1998.
 Furthermore, they argue that service upon the Secretary of State in May of this year preserves the viability of their re-filed lawsuit.
 However, the language of the tolling provision in R.C. 2305.15 does not include actions brought pursuant to R.C. 2305.19. Had the legislature intended to benefit Plaintiffs by extending even further extension offered by the savings statute, it could have drafted the statute that way. Saunders [v. Choi (1984), 12 Ohio St.3d 247].
 Moreover, the tolling mechanism of 2305.15 does not apply to any time limitations contained in the Civil Rules.
 Saunders; Jones v. Casey (August 11, 1994), Cuyahoga App. No. 65624, unreported; Braswell v. Duncan (November 26, 1997), Cuyahoga App. No. 72038, unreported.
 Basically, the interaction of the savings statute and Civil Rule 3(A) provides Plaintiffs with two (2) years within which to commence their action against the Chuns. The statute gave Plaintiffs one (1) year to revive their dismissed complaint. Then Civil Rule 3(A) gave them another year to obtain service of process over the Chuns. Since a re-filed action is not tolled and since the time periods in the Civil Rules are not extended by the Defendants' absence from the state or concealment or absconding, Plaintiffs had to perfect service no later than December 12, 1998. Plaintiffs' cause of action must fail.
Plaintiffs now appeal and assign three interrelated errors for our review.
Plaintiffs' assignments of error state:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR MOTION TO VACATE WHERE PLAINTIFFS-APPELLANTS HAVE SUSTAINED THEIR BURDEN PURSUANT TO RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT AND THE THREE PRONG TEST SET FORTH IN GTE AUTOMATIC V. ARC INDUSTRIES (1976), 47 OHIO ST.2d 146.
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR MOTION TO VACATE WHERE THE COMMENCEMENT OF ACTION DOES NOT RUN DURING THE DEFENDANT'S EXTENDED ABSENCE AND CONCEALMENT FROM THE COURT'S JURISDICTION, DUE TO THE APPLICATION OF O.R.C. SECTION 2305.15, THE TOLLING STATUTE.
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR MOTION TO VACATE WHERE IT DETERMINED THAT THE COURT HAD NOT ACQUIRED PERSONAL JURISDICTION OVER THE DEFENDANTS.
Within these assignments of error, plaintiffs assert that the trial court erred in denying their motion for relief from judgment. Plaintiffs claim that they acquired jurisdiction over defendants, pursuant to 2703.20 in May 2000, and that defendants absconded, rendering their commencement of this action timely pursuant to R.C. 2305.15.
Civ.R. 60(B) governs motions for relief from judgment and provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
The Ohio Supreme Court has summarized the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B) as follows:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered and taken.
GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146
syllabus at paragraph two.
In this instance, plaintiffs have failed to establish good grounds for relief from judgment pursuant to the Supreme Court's decision in Saunders v. Choi (1984), 12 Ohio St.3d 247. In Saunders, supra, the Supreme Court held that the tolling provisions of R.C. 2305.15 are expressly inapplicable to an action brought under R.C. 2305.19, and cannot be used in order to extend the one-year time limitation within which to commence an action under Civ.R. 3(A). The Saunders Court stated:
R.C. 2305.15 provides as follows:
 "When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed.
 After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." (Emphasis added.)
 As this court held in paragraph two of the syllabus In Szekely v. Young (1963), 174 Ohio St. 213 [22 O.O.D. 214]:
 "A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." See, also, Felske v. Daugherty (1980), 64 Ohio St.2d 89, 91
[18 O.O.3d 313]; Farrier v. Connor (1984), 12 Ohio St.3d 219, 221-222.
 We are of the opinion that the plain language of R.C. 2305.15 reveals that this savings provision does not apply to an action brought under R.C. 2305.19. While the appellant maintains that the maxim in pari materia applies to the situation in the instant case, the appellant at the same time ignores the express language of R.C. 2305.15 which effectively denies its application to an action filed under R.C. 2305.19. In interpreting the above-emphasized language of R.C. 2305.15, it appears to us that the common-law doctrine of expressio unius est exclusion alteriusapplies, and thus prevents the statute from operating in an action brought by virtue of R.C. 2305.19.
* * *
 Under Civ.R. 3(A), an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action. The record before us reveals that service of process over the appellee was not obtained until approximately two years had elapsed from the date of filing, and this presumes that the method of service of process undertaken was indeed valid.
 In any event, since service of process was not obtained within the time constraints set forth in Civ.R. 3(A), appellant's action was therefore not timely commenced either under the Civil Rules or R.C. 2305.19.
 The interplay of R.C. 2305.19 and Civ.R. 3(A) gave appellant, in effect, two years within which to commence her action. R.C. 2305.19 provided appellant with one year in which to refile or revive her previously dismissed complaint. Civ.R. 3(A) provided appellant with another year in which to obtain service of process over the appellee, Dr. Choi. Since appellant failed to obtain service of process within the time period allotted in Civ.R. 3(A), under the procedural devices governing service of process set forth in Civ.R. 4 et seq., appellant's action must fail.
Accord Jones v. Casey, supra; VanDyke v. Grange Mut. Ins. Co. (May 7, 1999), Montgomery App. No. 17572, unreported; Dale v. Slates (Nov. 4, 1994), Wood App. No. 94WD042, unreported.
Similarly, in this instance, it is clear that the tolling of R.C. 2305.15
is inapplicable since this matter was not an originally filed action but, rather, was refiled pursuant to the savings statute. Following this refiling, in December 1997, plaintiffs were required to obtain service within one year in accordance with the directives of Civ.R. 3(A). Plaintiffs are not entitled to relief from judgment herein. The assignments of error are without merit.
Judgement affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.