JOURNAL ENTRY and OPINION
Appellants Joe Casalicchio and Peter Pavlik appeals from two dispositive journal entries in favor of appellee John Pavlik, Peter's brother. In the first journal entry, the trial court granted default judgment in favor of John Pavlik and against Peter Pavlik. In the second, the trial court entered judgment pursuant to an arbitration panel ruling in favor of John Pavlik and against Casalicchio. Peter Pavlik and Joe Casalicchio assign the following as errors for our review:
 I. THE COURT COMMITTED PREJUDICIAL ERROR IN ENTERING JUDGMENT ON THE REPORT OF THE ARBITRATORS WHEN THE COURT HAD NO JURISDICTION OVER JOE CASALICCHIO BECAUSE IT HAD NOT RULED ON HIS MOTION TO VACATE.
 II. THE COURT ERRED IN DENYING PETE PAVLIK'S MOTION FOR RELIEF OF JUDGMENT WITHOUT AN EVIDENTIARY HEARING.
 III. DEFENDANT, PETE PAVLIK, WAS DENIED DUE PROCESS OF LAW WHEN A DEFAULT JUDGMENT WAS RENDERED AGAINST HIM WITHOUT SERVICE OF PROCESS.
 IV. THE COURT ABUSED ITS DISCRETION IN OVERRULING JOE CASALICCHIO'S OBJECTIONS AND EXCEPTIONS TO THE REPORT AND AWARD OF THE ARBITRATORS.
Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
John Pavlik is the owner of real property located in Garfield Heights. Some time during 1997, he and Casalicchio entered a lease agreement for that property. Peter Pavlik also used the rental property to store automobiles.
On October 26, 1998, John Pavlik filed a complaint in forcible entry and detainer against Casalicchio in Garfield Heights Municipal Court. The court attempted service upon Casalicchio by certified mail. Even though service was returned unsuccessful, on November 18, 1998 the trial court held a hearing in Casalicchio's absence, and entered judgment for restitution of the rental property in favor of John Pavlik.
Apparently, due to questions of proper service, the Garfield Heights Municipal Court, sua sponte, held a re-hearing on February 1, 1999. With Casalicchio present the court again entered a restitution order in favor of John Pavlik.
 On February 8, 1999, Casalicchio filed a motion entitled motion for relief of judgment, or a stay of proceedings and for an extension of time. Within the body of that motion, Casalicchio asked the trial court to take three actions: (1) to vacate the court's restitution order of February 1, 1999; (2) to stay proceedings pending disposition of the motion to vacate; and (3) to grant a time extension until he responds to the complaint. On February 10, 1999, the municipal court granted the motion to stay, but did not explicitly rule on the other requests. Soon thereafter, Casalicchio answered the original complaint, counterclaimed for $30,000, and moved the municipal court to certify the case to the Cuyahoga County Court of Common Pleas because his $30,000 counterclaim exceeded the municipal court's jurisdictional limit. On March 1, 1999, the municipal court certified the entire matter to the court of common pleas.
On May 14, 1999, the court of common pleas granted John Pavlik's motion to amend his complaint and to add GPV Performance, Inc. (GPV) and Peter Pavlik as defendants. Casalicchio answered the amended complaint. Service was successfully obtained on GPV on May 25, 1999. The court repeatedly attempted service on Peter Pavlik via certified and ordinary mail. One attempt returned unclaimed and another addressee unknown before service finally succeeded on July 9, 1999 at GPV, apparently Peter Pavlik's place of business. Despite successful service, neither GPV nor Peter Pavlik answered the amended complaint. Accordingly, on September 21, 1999, the trial court granted John Pavlik's motion for default judgment against GPV and Peter Pavlik.
On December 1, 1999, the court of common pleas, with the remaining parties' consent, referred the case between Casalicchio and John Pavlik to binding arbitration. The arbitration panel returned decisions in favor of John Pavlik and against Casalicchio on both the complaint and the counterclaim and found damages totaling $4,800 plus costs. On February 19, 2000, the court of common pleas entered judgment against Casalicchio according to the arbitration panel's ruling. Casalicchio filed exceptions to the arbitrator's award arguing the panel lacked authority to rule on this matter.
On February 25, 2000, Peter Pavlik filed a motion for relief from the trial court's September 21 1999 order of default judgment arguing he never received service. On March 8, 2000, the court of common pleas denied Peter Pavlik's motion for relief from judgment and ruled that Casalicchio's exceptions were not well-taken. From these final orders, Casalicchio and Peter Pavlik appeal.
In their first assigned error, appellants assert the court of common pleas lacked jurisdiction to enter judgment from the arbitration panel's decision. The substance of their argument is the Garfield Heights Municipal Court failed to rule on Casalicchio's motion to vacate contained within his motion for relief of judgment, or a stay of proceedings and for an extension of time before it certified the case to the court of common pleas. He posits this failure rippled through the course of litigation, first depriving the court of common pleas of jurisdiction, then depriving the arbitration panel of authority to render a decision, and ultimately depriving the common pleas court of authority to enter judgment according to the arbitration panel's decision. We disagree.
Ohio law is well-established that [w]here the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion.[1] In the present case, the trial court's decision not to rule on the motion to vacate served as a denial of that motion. When the municipal court certified the case to the common pleas court, the municipal court effectively denied all outstanding motions before it, and directed the litigation beyond the motion to vacate. Accordingly, appellants' first assigned error is without merit.
For sake of clarity, we next address appellants' third assigned error in which they assert the trial court erred in entering default judgment against Peter Pavlik because he was never served with notice.
The law is settled that service of process by certified mail comports with procedural due process upon certified mail delivery even if the notice is actually accepted by someone other the target of the service. In Mitchell v. Mitchell[2] the Ohio Supreme Court stated:
 This court in Castellano v. Kosydar (1975), 42 Ohio St.2d 107, 110, certiorari denied, 423 U.S. 932, declared that certified mail service under the Rules of Civil Procedure does not require actual service upon the defendant, but is effective upon certified delivery. This court recognized that a need for actual notice would be contrary to modern service requirements.
 Similarly, certified mail service under the rule does not require that delivery to a person other than the defendant be restricted to a person authorized by appointment or by law to receive service of process for the defendant. All that is required is that certified mail service be consistent with due process standards; i.e., it must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. This court in Castellano v. Kosydar, supra, concluded that service of process by certified mail is reasonably calculated to give interested parties notice of a pending action.[3]
As reflected in the trial court's journal, the court effected service upon Peter Pavlik via certified mail at GPV on July 9, 2000. On July 12, 1999 the United States Postal Department returned proof of this service, signed by someone other than Peter Pavlik. Even though someone other than Peter Pavlik accepted delivery of the notice, by sending notice via certified mail to Peter Pavlik's place of business, the court's service was reasonably calculated to give Peter Pavlik notice of the pending action. Accordingly, appellants' third assigned error is without merit.
In their second assigned error, appellants assert the trial court erred in not holding an evidentiary hearing prior to ruling on Peter Pavlik's motion for relief from judgment. We disagree.
Civ.R. 60(B) does not require the trial court conduct an evidentiary hearing prior to disposition.[4] A trial court does not err by summarily dismissing a motion for relief from judgment if the motion and evidentiary material fail to justify relief from judgment.[5]
Peter Pavlik's motion for relief only addressed the admittedly unsuccessful first attempt at service; he never addressed the successful service on July 9. Therefore, despite his protestations, his motion failed to establish he was not served, and thus failed to justify relief from judgment. Accordingly, appellants' second assigned error is without merit.
In their fourth assigned error, appellants assert the trial court abused its discretion in overruling Casalicchio's exceptions to the arbitration report and award. Within this assigned error, appellants present a myriad of allegations, as will be explained, which we need not address.
Exceptions to an arbitration decision may be filed pursuant to Loc.R. 29, Part VI which states:
 (d) Any party may file exceptions with the Clerk of Courts, at the office of the Arbitration Commissioner, from the decision of the Board of Arbitration within thirty (30) days from the filing of the report and award for either or both of the following reasons and for no other:
 (1) That the Arbitrators misbehaved themselves in the conduct of the case.
 (2) That the action of one or more of the Arbitrators was procured by misconduct or corruption.
[Emphasis added].
Casalicchio, in his filing entitled exceptions to report and award of arbitrators, fails to set forth either reason permitted by Loc.R. 29. Rather Casalicchio sets forth several arguments more properly addressed by a Civ.R. 60(B) motion for relief from judgment. However, as Casalicchio filed his exceptions on February 29, 2000 and the trial court did not enter judgment according to the arbitrator's decision until March 3, 2000, a judgment from which relief could be sought did not yet exist. Thus, we may only treat this filing as exceptions. Because the filing entirely fails to comply with Loc.R. 29, the trial court did not err in overruling the exceptions. Accordingly, appellants' fourth assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, paragraph 2 of the syllabus. See, also Bishop v. Playhouse Square Foundation, 1998 Ohio App. LEXIS 6081 (December 17, 1998), Cuyahoga App. No. 73777, unreported; Village of Brooklyn Heights v. Yasher, 1993 Ohio App. LEXIS 1259 (March 4, 1993), Cuyahoga App. No. 61905, unreported.
[2] (1980) 64 Ohio St.2d 49, 413 N.E.2d 1182.
[3] Id. at 51. Internal citation omitted.
[4] Civ.R. 60(B). See, 2001 Ohio App. LEXIS 2313.
[5] In re Tutt, 2000 Ohio App. LEXIS 3961; In re Tucker, 2000 Ohio App. LEXIS 1731