OPINION
{¶ 1} Appellant, Midwest Life Insurance Company of Tennessee, appeals the judgment entry of the Geauga County Court of Common Pleas dated October 30, 2001, overruling its motion to vacate.
 {¶ 2} On December 14, 1999, Heather Hill, Inc. ("HHI") filed a complaint against appellee, Julie Howes. The complaint alleged that appellee was indebted to HHI for $12,053.26 for room, board, and therapy. On January 14, 2000, appellee filed her answer and also filed a motion to add appellant as a third party defendant. Appellee claimed that she was covered by a health insurance policy she purchased from appellant. However, appellant denied coverage, so appellee filed a cross-claim against appellant as a third party defendant on January 24, 2000, for the amount in which appellee was liable to HHI. The summons was returned on February 10, 2000, and stamped "undeliverable as addressed forwarding order expired." Service was again attempted on an agent of appellant, Johnny V. Burns ("Burns"), and was made on March 11, 2000, via certified mail at his business address.
 {¶ 3} Appellee filed a motion for default judgment on April 17, 2000, which the trial court denied on June 8, 2000, because appellee filed an amended cross-claim against appellant.[1] A second amended cross-claim was filed on June 19, 2000, which was identical to the first amended cross-claim, except that service was to be made on Burns via ordinary mail. Subsequently, on June 21, 2000, appellee filed a motion for default judgment against appellant. On January 17, 2001, an agreed judgment entry was journalized in which the trial court rendered judgment in favor of HHI and against appellee. Further, in that entry, the trial court indicated that appellant was in default, and thus, rendered judgment in favor of appellee and against appellant in the amount of $12,053.26, plus interest and costs.
 {¶ 4} On July 31, 2001, appellant filed a motion to vacate the January 17, 2001 judgment entry because the judgment was voidable pursuant to Civ.R. 60(B). A hearing on the motion to vacate took place on October 29, 2001. Appellee also filed a memorandum in opposition to the motion to vacate on that date. In her memorandum in opposition, appellee attached a letter from the supervisor of the general licensing section of the State of Ohio Department of Insurance verifying that Burns was appointed as an agent to appellant on September 30, 1999. In an entry dated October 30, 2001, the trial court overruled appellant's motion. It is from that entry appellant timely filed the instant appeal and now advances its lone assignment of error:
 {¶ 5} "The trial court erred in granting a default judgment against [appellant] and in refusing to vacate that judgment."
 {¶ 6} In its sole assignment of error, appellant argues that the default judgment was void for lack of jurisdiction and voidable under Civ.R. 60(B) because appellant was never properly served.[2]
 {¶ 7} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the timeliness of the motion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} All three requirements of the GTE test must be met to prevail on a motion for relief from judgment. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. Such a motion must be given a sparse application, and the grounds for its use should be substantial, not merely a substitute for an appeal. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. In addition, a Civ.R. 60(B)(5) motion is not necessarily limited to one year from the date of judgment, as are the first three grounds, but it must be brought "within a reasonable time."
 {¶ 9} In the case sub judice, appellant has failed to establish the second prong of the GTE test that there were operative facts showing that it was entitled to relief. Appellant claims that it never received service of the complaint because it was not properly served. Yet, appellant does not contend that service was sent to an incorrect address.
 {¶ 10} Service of the original cross-claim was achieved by mailing the summons, via certified mail, to the business address of Burns, an agent of appellant at the time service was perfected. Even though someone other than Burns signed the mail receipt, it is undisputed that the pleading was sent to Burns. Further, the second amended cross-claim was mailed to Burns by ordinary mail. Yet, appellant did not respond to the cross-claim or defend the suit. Instead, appellant argues that Burns was not properly served since he did not personally sign the certified mail receipt. Appellant also posits that Burns ceased to be an agent for appellant after the original service, but before the service of the amended cross-claim.
 {¶ 11} Turning to appellant's argument that Burns was not properly served as he did not sign the receipt, we note that Civ.R. 4.2(F) designates the types of corporate agents that can be effectively served with process. Civ.R. 4.2(F) states that service of process may be made upon a corporation by serving an agent authorized by appointment or law to receive service of process, or a corporate officer or a managing or general agent.
 {¶ 12} Furthermore, in Carkido v. Hasler (1998),129 Ohio App.3d 539, 546, the court of appeals stated that "* * * the fact that the certified mail return was signed by a person who was not an employee does not automatically invalidate the service, as long as the receipt was signed by a person at the named defendant's place of business." See, also, United Fairlawn, Inc. v. HPA Partners (1990),68 Ohio App.3d 777, 781; Civ.R. 4.3(B)(1). Therefore, the fact that someone other than Burns signed the receipt is not necessarily determinative since a person at Burns' place of business signed the receipt.
 {¶ 13} Next, appellant alleges that it was not properly served because Burns ceased being an agent for appellant after service of the original cross-claim. Here, the evidence reveals that Burns was appellant's agent at the time service of the original cross-claim was made and that the original cross-claim was served at Burns' business address. Service of the amended cross-claim was attempted almost three months after Burns was served with the original cross-claim and long after appellant would have been in default for failure to appear. We further note that there was no change in substance between the original cross-claim and the amended ones, which in essence only resulted in the addition of the word "National" in appellant's name between the original and amended pleadings. See Heben Assoc. v. Nash (June 15, 2001), 11th Dist. No. 2000-L-098, 2001 WL 687485, at 2.
 {¶ 14} Appellant has not demonstrated that it was not properly served with the original cross-claim. Hence, appellant has failed to present any operative facts, which would entitle it to relief under Civ.R. 60(B)(1).
 {¶ 15} In addition, appellant has also not shown that it is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(2) through (5). A decision based on the merits should not be avoided on the basis of mere technicalities. As the Supreme Court of Ohio stated inCecil v. Cottrill (1993), 67 Ohio St.3d 367, 372:
 {¶ 16} "`"The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." * * * Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not "`a game of skill in which one misstep by counsel may be decisive to the outcome [;] * * * [rather,] the purpose of pleading is to facilitate a proper decision on the merits.' * * *." (Citations omitted.) See, also, Ent. Group Planning, Inc. v. State Farm Ins. Companies (Oct. 22, 1999), 11th Dist. No. 96CV520, 1999 WL 1073641, at 3.
 {¶ 17} Furthermore, in Bentz v. Carter (1988), 55 Ohio App.3d 120,122-123, the Eighth Appellate District stated that when service of process is attempted first by certified mail and then by ordinary mail, and a defendant's first name is misidentified, service may be considered to be complete where the defendant's last name and address are correct, and the complaint was not returned as unclaimed or undeliverable.
 {¶ 18} It is our view that appellant has not established through any operative facts that there was fraud or misrepresentation on the part appellee. Furthermore, appellant has not demonstrated that there was any excusable neglect. Relief from default judgment may be granted on the basis of excusable neglect "* * * `when service is properly made on a corporation but a corporate employee fails to forward the summons and complaint to the appropriate person.'" Perry v. Gen. Motors Corp.
(1996), 113 Ohio App.3d 318, 323. See, also, Keaton v. Purchase PlusBuyers Group (2001), 145 Ohio App.3d 796, 802-804; Sycamore Messenger,Inc. v. Cattle Barons, Inc. (1986), 31 Ohio App.3d 196, 197. In those cases, the movant demonstrated through affidavits that the summons and complaint were never received; thus, warranting the granting of Civ.R. 60(B) relief because the affidavits contained operative facts tending to show excusable neglect. This case is distinguishable because appellant did not set forth any operative facts showing that it had not been properly served with the summons. In fact, there is evidence in the form of a return receipt signed by someone at the office of Burns, who was a record agent of appellant at the time.
 {¶ 19} As a result, we cannot conclude that the trial court erred in refusing to vacate the judgment because appellant has failed to meet the second prong of the GTE test. Accordingly, since appellant has not supplied us with a valid reason within the confines of Civ.R. 60(B) as to why it should be granted relief from judgment, we conclude that the trial court did not abuse its discretion in denying the motion to vacate.
 {¶ 20} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J. JUDITH A. CHRISTLEY, J. concur.
[1] In the original cross-claim, appellee's attorney referred to appellant as Midwest Life Insurance Company of Tennessee. However, appellee's attorney explained to the trial court that this was an error and that the correct name of appellant is Midwest National Life Insurance Company of Tennessee. In the amended cross-claim, appellee also noted that service would be made on Ned Chandler by ordinary mail.
[2] We note that the January 17, 2001 judgment entry was stayed pending the outcome of the appeal upon a motion of appellant.